In re Disqualification of Gaines.

McAndrews v. McAndrews.

[Cite as *In re Disqualification of Gaines* (1994), 74 Ohio St.3d 1259.]

(No. 93–AP–120—Decided August 16, 1994.)

Moyer, C.J. This affidavit of disqualification was filed by defendant Robert F. McAndrews and his counsel, L. Susan Laker, seeking the disqualification of Judge Deborah Kay Gaines from further proceedings in the above-captioned case. Since the affidavit of disqualification was filed, affiant has substituted H. Fred Hoefle as counsel of record.

The affidavit was filed on August 1, 1994, although the next hearing in the case was scheduled for August 2. R.C. 2701.03 requires that an affidavit of disqualifi-

cation be filed at least three days before the next scheduled hearing. Affiant states that the three-day requirement could not be met because the judge's alleged prejudice was not "discovered" until a hearing on Friday, July 29.

This case has been before Judge Gaines for at least two years and, by his own counsel's admission, affiant has appeared before Judge Gaines at least twenty times. Also, the order in which affiant alleges Judge Gaines made remarks prejudicial to him was dated April 22, 1994. Clearly, if affiant believed the judge was prejudiced against him, he had ample time to file an affidavit of disqualification without waiting until the day before a dispositive hearing.

Affiant claims that his first "discovery" of the judge's prejudice occurred at the July 29 hearing, thereby necessitating the untimely filing of the affidavit of disqualification. Affiant argues that at the July 29 hearing, Judge Gaines allegedly said affiant's conduct and courtroom demeanor had influenced her decisions.

Assuming these statements were made, they were consistent with Judge Gaines' April 22 order, in which she said of affiant:

"4. * * * Nothing presented overcame Robert's failure to show any sense of responsibility, * * * and his demeanor in the courtroom. Dr. Rinderele's report of the psychological tests was validated by Robert's disruptive courtroom behavior, i.e. uncontrolled need to make faces and to blurt out comments. Mr. McAndrew's use of alcohol was uncontroverted * * *. Finally, Defendant's failure to cooperate with the Plaintiff * * * indicates immaturity and self-centeredness at a level not consistent with good parenting traits."

Given this and other language in the April 22 order, affiant and his counsel cannot reasonably suggest surprise at Judge Gaines' statements during the July 29 hearing. A claim of recent discovery is nothing but a thinly veiled attempt to circumvent the three-day filing requirement of R.C. 2701.03.

On the authority of *In re Disqualification of Badger* (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023, Judge Gaines proceeded with the August 2 hearing but was advised by this court not to issue any further orders pending disposition of the affidavit. *Badger* stands for the proposition that if an affidavit of disqualification on its face indicates that it was not timely filed, and there is no evidence that it could not have been filed timely, the judge against whom it was filed may overrule it and proceed with the scheduled hearing. The evidence before me indicates that Judge Gaines proceeded appropriately pursuant to the authority granted a trial judge by *Badger*.

As to the merits of the affidavit, affiant complains that rulings by Judge Gaines indicate bias or prejudice. A party's disagreement with a judge's rulings is not

evidence of bias or prejudice and is not grounds for disqualification. *In re Disqualification of Murphy* (1988), 36 Ohio St.3d 605, 522 N.E.2d 459.

Affiant also alleges that statements made by Judge Gaines, in open court and in the April 22 order, indicate a prejudice against affiant. My review of the record does not support this conclusion. It is true that the April order referred unfavorably to affiant's courtroom demeanor, personal habits, and parenting skills. However, these observations were formed over protracted litigation in which Judge Gaines had at least twenty opportunities to observe affiant. Further, Judge Gaines's observations are not a reflection of bias or prejudice towards affiant, but instead display a rationale for her decision regarding custody of affiant's children.

The term "bias and prejudice" " * * * implies a hostile feeling or spirit of ill-will * * * with the formation of a fixed anticipatory judgment." *State ex rel. Pratt v. Weygandt* (1956), 164 Ohio St. 463, 469, 58 O.O. 315, 318, 132 N.E.2d 191, 195. There is nothing here to suggest hostility or ill-will; rather, the judge's statements indicate a perception of the affiant gleaned from objective facts and observations in a proceeding in which affiant's habits and parenting skills were of the utmost importance. Quite apart from being "anticipatory," the judge's perceptions were formed only after numerous observations of affiant, bolstered by a report of affiant's psychological test results. Like any other trier of fact, Judge Gaines was permitted to assess affiant's character and credibility, and as the decision-maker, Judge Gaines was duty-bound to apply those assessments in reaching her decisions.

For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall continue before Judge Gaines.