IN RE DISQUALIFICATION OF NIEHAUS.

IN RE BURGJOHANN.

[Cite as *In re Disqualification of Niehaus,*
100 Ohio St.3d 1240, 2003-Ohio-5488.]

(No. 02–AP–114—Decided March 7, 2003.)

MOYER, C.J.

{¶ 1} This affidavit of disqualification was filed by Mark Burgjohann, father of the minor child in the above-captioned matter, seeking the disqualification of Judge David J. Niehaus from further proceedings in the juvenile court regarding the above-captioned case.

{¶ 2} Affiant believes that Judge Niehaus "is potentially biased and prejudiced" and should be disqualified because of "the familial relationship between the mother of the child and the chief magistrate of the juvenile court."

{¶ 3} The statutory right to seek disqualification of a judge is an extraordinary remedy. *In re Disqualification of Hunter* (1988), 36 Ohio St.3d 607, 522 N.E.2d 461. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions. *In re Disqualification of Olivito* (1994), 74 Ohio St.3d 1261, 657 N.E.2d 1361. An affidavit of disqualification must allege with specificity the purported grounds for disqualification, including specific facts that demonstrate bias or prejudice on the part of the judge. *In re Disqualification of Walker* (1988), 36 Ohio St.3d 606, 522 N.E.2d 460. Here, however, the affiant has not stated the nature of the alleged "familial relationship." Further, the fact that one of the parties is related to an employee of the court is not, by itself, sufficient grounds for disqualification of the judge.

{¶ 4} For these reasons, the affidavit of disqualification is found not well taken and is denied. The case may proceed before Judge Niehaus.