IN RE DISQUALIFICATION OF SWIFT.

IN RE GUARDIANSHIP OF SETINSEK.

IN RE GUARDIANSHIP & PROTECTIVE SERVICES, INC. *v.* SETINSEK.

[Cite as *In re Disqualification of Swift,* 136 Ohio St.3d 1273, 2013-Ohio-4464.]

*Judges—Affidavit of disqualification—R.C. 2101.39* and *2701.03—The fact that one of the parties is related to an employee of the court is not by itself sufficient grounds for disqualification of the judge.*

(No. 13-AP-080—Decided August 30, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Trumbull County Court of Common Pleas, Probate Division, Case Nos. 2008 GDP 0169 and 2010 CVA 005.

————————————

O'CONNOR, C.J.

{¶ 1} Rudolph Setinsek and his attorney, David Engler, have filed affidavits with the clerk of this court under R.C. 2101.39 and 2701.03 seeking to disqualify Judge Thomas A. Swift from presiding over any further proceedings in the above-referenced matters, now pending for continuation of trial in the probate division of the Court of Common Pleas of Trumbull County.[1]

{¶ 2} Setinsek's affidavit is critical of the court-appointed attorneys, guardians, trustees, and investigators in the underlying matters—claiming that they are unqualified and have "squandered" his family's money through "court sanctioned billing." Engler claims that Judge Swift has demonstrated "bias, antagonism, and hostility" toward him by angrily scolding him for filing a public-

—————————

1. It appears that affiants identified one of the underlying cases with the appellate-court case number, rather than the trial-court case number. Even though affiants have not properly identified the underlying cases, the affidavits will nevertheless be treated as filed in *In re Guardianship of Setinsek*, case No. 2008 GDP 0169, and *Guardianship & Protective Servs., Inc. v. Setinsek*, case No. 2010 CVA 005.

records request, threatening to report him to disciplinary counsel for filing that request, and denying Engler's recent motion for an extension of time. Both affiants also state that the spouse of the court-appointed trustee in one of the underlying cases is employed by the probate court.

{¶ 3} Judge Swift has responded in writing to the allegations in Setinsek's and Engler's affidavits, offering a detailed account of the underlying cases.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Swift.

{¶ 5} First, it is well settled that "absent extraordinary circumstances, a judge will not be subject to disqualification after having presided over lengthy proceedings in a pending case." *In re Disqualification of Celebrezze*, 94 Ohio St.3d 1228, 1229, 763 N.E.2d 598 (2001). Further, when an affidavit is filed after commencement of a trial and after the presentation of evidence has begun, a judge should be disqualified only when the record "clearly and unquestionably demonstrates a 'fixed anticipatory judgment' * * * that undermines the absolute confidence of the public in the fairness and integrity of the proceedings." *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). According to Judge Swift, he has presided over the underlying cases since 2008 and 2010, and trial commenced in the declaratory-judgment action in June 2010 and is set to continue on September 3, 2013. Given the length of the underlying proceedings and Judge Swift's significant involvement in the continued trial, disqualification is warranted only under "extraordinary circumstances" that clearly show a "fixed anticipatory judgment." Affiants have failed to adduce sufficient proof to carry this heavy burden.

{¶ 6} Second, even if affiants were not bound by this standard, most of affiants' allegations are not grounds for disqualification. For example, this is not

the appropriate forum for affiants' complaints about the conduct of court-appointed attorneys. Affidavit-of-disqualification proceedings are narrow in scope and " 'limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case.' " *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 9, quoting *Kate* at 1209. If affiants disagree with an attorney's bills—or with Judge Swift's approval of those bills—they may have a remedy on appeal or in other courts. But it is well settled that a party's or lawyer's "dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification." *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Similarly, "a judge's decision to grant or deny a motion for a continuance is within the judge's sound discretion and is not, by itself, evidence of bias or prejudice." *In re Disqualification of Suster*, 127 Ohio St.3d 1240, 2009-Ohio-7202, 937 N.E.2d 1026, ¶ 7.

**{¶ 7}** Third, affiants' vague allegations regarding the spouse of the trustee are inadequate to establish bias or prejudice. "[T]he fact that one of the parties is related to an employee of the court is not, by itself, sufficient grounds for disqualification of the judge." *In re Disqualification of Niehaus,* 100 Ohio St.3d 1240, 2003-Ohio-5488, 798 N.E.2d 22, ¶ 3. Further, an affidavit of disqualification must allege with specificity the purported grounds for disqualification, including specific facts that demonstrate judicial bias. *See* R.C. 2701.03(B)(1). Here, affiants have not identified the position that the spouse has with the probate court or how that relationship creates bias or an appearance of bias against them. "[V]ague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

**{¶ 8}** Fourth, Engler has waived his objection to Judge Swift based on the incident relating to Engler's public-records request. An affidavit of disqualification must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." *In re Disqualification of O'Grady*, 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). The incident occurred on June 7, 2013, yet Engler waited until August 22, 2013—12 days before the scheduled trial—to file his affidavit. As nothing in the record justifies the delay in filing the affidavit of disqualification, Engler waived the right to disqualify Judge Swift based on this allegation. *See In re Disqualification of Corrigan*, 91 Ohio St.3d 1210, 741 N.E.2d 137 (2000) (affiant waived objections to judge when incidents giving rise to claim of bias occurred "several months prior to the filing of the affidavit" and affiant filed affidavit "less than three weeks before the scheduled trial"); *In re Disqualification of Belskis*, 74 Ohio St.3d 1252, 657 N.E.2d 1355 (1993) (denying affidavit when incident giving rise to claim of bias had been known for "some months prior" to filing of affidavit, but affiant waited "until a few days before a scheduled hearing").

**{¶ 9}** Even if Engler had not waived this objection, judges are entitled to express dissatisfaction with attorneys' conduct and tactics inside and outside the courtroom, as long as that dissatisfaction is " 'expressed in a way that promotes public confidence in the integrity, dignity, and impartiality of the judiciary.' " *In re Disqualification of Synenberg*, 127 Ohio St.3d 1220, 2009-Ohio-7206, 937 N.E.2d 1011, ¶ 24, quoting *In re Disqualification of Corrigan*, 105 Ohio St.3d 1243, 2004-Ohio-7354, 826 N.E.2d 302, ¶ 10. As Jud.Cond.R. 2.8(B) directs, judges should be "patient, dignified, and courteous" to parties and their lawyers, even in what they perceive as challenges to the judge's integrity. The record here includes conflicting accounts of Engler's and Judge Swift's conversation on June

7, 2013. Without more—and given the length of this litigation—this isolated incident is insufficient for a finding that Judge Swift has clearly reached a "fixed anticipatory judgment" mandating his removal from these cases.

{¶ 10} In conclusion, "[t]he statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here.

{¶ 11} For the reasons stated above, the affidavits of disqualification are denied. The cases may proceed before Judge Swift.

————————————