IN RE DISQUALIFICATION OF VERCILLO.

CRUMRINE *v*. CRUMRINE ET AL.

[Cite as *In re Disqualification of Vercillo,* 137 Ohio St.3d 1237, 2013-Ohio-5763.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Judge's determination of affiant's credibility in a prior case was based on the facts before him—Affidavit denied.*

(No. 13-AP-099—Decided November 4, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Ashland County Court of Common Pleas, Probate Division, Case No. CR 20134001A.

————————————————

O'CONNOR, C.J.

{¶ 1} Plaintiff Terry Crumrine and his attorney, John N. Porter, have filed affidavits with the clerk of this court under R.C. 2701.03 and 2101.39 seeking to disqualify Judge Damian J. Vercillo from presiding over any further proceedings in case No. 20134001A, now pending in the Probate Division of the Court of Common Pleas of Ashland County.

{¶ 2} Affiants fear that Judge Vercillo cannot be impartial to Crumrine because of conclusions the judge reached regarding Crumrine's credibility in a previous guardianship case. Affiants further question Judge Vercillo's ability to preside fairly over the underlying trust matter because the judge's former law partner represents a defendant and may be called as a witness. Judge Vercillo has responded in writing to the concerns raised in the affidavits, averring that he has no bias for or against any party in the case.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Vercillo.

### *The guardianship case*

**{¶ 4}** Judge Vercillo recently denied Crumrine's application for guardianship in a proceeding involving most of the same parties as the underlying trust matter. In his decision in the guardianship case, Judge Vercillo concluded that some of Crumrine's testimony was "vague and somewhat deceptive," and the judge found other portions of his testimony "to not be credible." Judge Vercillo also noted that Crumrine may have overly influenced the alleged incompetent person. Affiants now claim that Judge Vercillo's negative opinion of Crumrine from the guardianship case may affect the judge's ability to impartially consider Crumrine's testimony in the pending trust matter.

**{¶ 5}** Contrary to affiants' contention, "[s]tate and federal courts have been virtually unanimous in holding that—absent a showing of actual bias—a judge who presided over prior proceedings involving one or more parties presently before the court is not thereby disqualified from presiding over later proceedings involving the same parties." *In re Disqualification of Bryant*, 117 Ohio St.3d 1251, 2006-Ohio-7227, 885 N.E.2d 246, ¶ 4. Even if a judge forms a negative opinion about a party as a result of what he or she learned in a prior proceeding, such opinions are ordinarily not a basis for disqualification in a future proceeding involving that party. *See In re Disqualification of Basinger*, 135 Ohio St.3d 1293, 2013-Ohio-1613, 987 N.E.2d 687, ¶ 5 ("because ' "evidence presented in the trial of a prior cause * * * do[es] not stem from an extrajudicial source," it creates no personal bias requiring recusal' "), quoting *State v. D'Ambrosio*, 67 Ohio St.3d 185, 188, 616 N.E.2d 909 (1993), quoting *State v. Smith*, 242 N.W.2d 320, 324 (Iowa 1976). Judges are expected to be able to keep their prior opinions from intruding on their duties to fairly and impartially decide each case. That is, "[j]ust as a '[a] judge is presumed to follow the law and not to be biased,' *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-

5489, 798 N.E.2d 23, ¶ 5, a judge is presumed to be capable of separating what may properly be considered from what may not be considered." *Basinger* at ¶ 5.

{¶ 6} Here, Judge Vercillo avers that he assessed Crumrine's credibility in the guardianship case based on the evidence presented in that proceeding, and he further states that he has no preconceived opinion about Crumrine's truthfulness in the current matter. Because nothing in the record suggests that Judge Vercillo has been unduly influenced by the testimony in the guardianship case, the judge's presumption of impartiality has not been overcome.

*The judge's relationship with defense counsel*

{¶ 7} Affiants also question whether Judge Vercillo's relationship with defense counsel, John Vanosdall, will affect the judge's impartially; alternatively, they assert that the relationship at least suggests an appearance of bias. Vanosdall was Judge Vercillo's former law partner, and affiants claim that Vanosdall drafted the allegedly defective trust at issue in the underlying case, which will likely require Vanosdall to testify as a witness. In response, Judge Vercillo acknowledges that he was Vanosdall's law partner from 1983 to 1993, at which time the partnership dissolved. But the judge further explains that the trust in the underlying case was allegedly created in 2006—well after the law partnership terminated—and that while he remains acquainted with Vanosdall, the judge has no business or ongoing social relationship with him.

{¶ 8} In general, "the more intimate the relationship between a judge and a person who is involved in a pending proceeding, the more acute is the concern that the judge may be tempted to depart from the expected judicial detachment or to reasonably appear to have done so." *In re Disqualification of Shuff*, 117 Ohio St.3d 1230, 2004-Ohio-7355, 884 N.E.2d 1084, ¶ 6. However, it is well established that "a prior professional relationship between a judge and an attorney will not be grounds for disqualification where that relationship ended some years ago." *In re Disqualification of Ward*, 100 Ohio St.3d 1211, 798 N.E.2d 1 (2002)

(disqualification denied when judge's professional relationship with an attorney appearing before him ended seven years prior). Here, Judge Vercillo's professional relationship with Vanosdall ended almost 20 years ago, and Judge Vercillo states that his current relationship with Vanosdall is no different from the judge's relationship with most of the attorneys in Ashland County. On this record, no reasonable or objective observer would question Judge Vercillo's ability to preside fairly in the underlying case. *See In re Disqualification of Lewis*, 117 Ohio St.3d 1227, 2004-Ohio-7359, 884 N.E.2d 1082, ¶ 8 (a judge's participation in a case presents an appearance of impropriety if "a reasonable and objective observer would harbor serious doubts about the judge's impartiality").

### *Conclusion*

{¶ 9} "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, at ¶ 5. Those presumptions have not been overcome in this case.

{¶ 10} For the reasons stated above, the affidavits of disqualification are denied. The case may proceed before Judge Vercillo.

_____