IN RE DISQUALIFICATION OF BARONZZI.

GOOD *v.* TRAGESER.

[Cite as *In re Disqualification of Baronzzi,* 138 Ohio St.3d 1210,

2013-Ohio-5899.]

*Judges—Affidavit of disqualification—R.C. 2701.03—When an affidavit is filed after commencement of a trial, vague allegations of an appearance of impropriety are insufficient to demonstrate a "fixed anticipatory judgment" that undermines the public's confidence in the fairness and integrity of the proceeding.*

(No. 13-AP-112—Decided December 2, 2013.)

ON AFFIDAVIT OF DISQUALIFICATION in Columbiana County Court of Common

Pleas, Juvenile Division, Case No. C2012-0372, AB21230345.

_____

**O'CONNOR, C.J.**

**{¶ 1}** Defendant Charlotte Trageser has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge Thomas M. Baronzzi from presiding over any further proceedings in case No. C2012-0372, AB21230345, a child-custody case in the Juvenile Division of the Court of Common Pleas of Columbiana County.

**{¶ 2}** The plaintiff filed his complaint in October 2012. About a year later, Trageser filed a motion to disqualify plaintiff's counsel, Tracey Laslo, arguing that Laslo had a conflict of interest because Trageser had consulted with her in 2011 about an unrelated divorce matter. After a hearing, Judge Baronzzi denied Trageser's motion in a November 1, 2013 judgment entry. In her affidavit of disqualification, Trageser claims that the judge's ruling on her motion, his

conduct at the hearing, and the language in his judgment entry have created an appearance of impropriety requiring his removal from the underlying case.

{¶ 3} Judge Baronzzi has responded in writing to Trageser's affidavit, averring that he harbors no bias against her.

{¶ 4} For the reasons explained below, no basis has been established to order the disqualification of Judge Baronzzi.

{¶ 5} "When an affidavit is filed after commencement of a trial and after the presentation of evidence has begun, a judge should be disqualified only when the record 'clearly and unquestionably demonstrates a "fixed anticipatory judgment" * * * that undermines the absolute confidence of the public in the fairness and integrity of the proceedings.' " *In re Disqualification of Swift*, 136 Ohio St.3d 1273, 2013-Ohio-4464, 996 N.E.2d 939, ¶ 5, quoting *In re Disqualification of Kate*, 88 Ohio St.3d 1208, 1209, 723 N.E.2d 1098 (1999), quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Here, a merit hearing commenced on July 9, 2013, and after a full day of evidence, Judge Baronzzi continued the matter for a second merit hearing on November 26, 2013. Accordingly, because the presentation of evidence has already begun, Trageser cannot rely on vague allegations of an appearance of impropriety to succeed on her affidavit. Rather, she must demonstrate that Judge Baronzzi has clearly reached a fixed anticipatory judgment in the underlying case.

{¶ 6} Trageser has failed to submit sufficient proof to carry this heavy burden. First, her disagreement with Judge Baronzzi's refusal to disqualify attorney Laslo is not grounds for disqualification. Trageser criticizes Judge Baronzzi's evidentiary rulings at the recent hearing, and she argues that he applied an incorrect legal standard in his judgment entry. But it is well established that a party's "dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification." *In re Disqualification of Floyd*,

101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4. Trageser's remedy for these legal claims, if any, lies on appeal, not through the filing of an affidavit of disqualification. *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

**{¶ 7}** Second, the judge's language in his November 1 judgment entry is also not grounds for disqualification. In that entry, the judge stated:

> Ms. Trageser, previously within the custody case, has made allegations against the father of her child that he is an abuser of drugs and alcohol. Upon further investigation of that allegation, it was found that the father tested negative for any evidence of drug abuse. Furthermore, by Ms. Trageser's testimony, she has very aggressively and defensively presented herself as self-righteous and the victim of virtually all persons with whom she has a personal or professional relationship in recent years. The Court, quite frankly, does not find that there is credible evidence that Ms. Trageser has divulged to Attorney Tracy Laslo, by a prior meeting, any information regarding any personal or other details relevant to the issues before the Court for determination and the Court, therefore, concludes that the allegations are untrue.

Trageser claims that the judge's comments regarding the father's alleged drug abuse show that he has reached an opinion on an ultimate issue of fact in the case. In response, Judge Baronzzi explains that in December 2012, Trageser accused the plaintiff of abusing drugs, and the judge therefore ordered drug testing. In January 2013, the results of the plaintiff's tests came back negative. Thus, the judge's comments in his November 1 entry appear to be stating a fact in the record, not an opinion on an ultimate issue of fact. Accordingly, without more

explanation from Trageser, her vague and unsubstantiated allegation here is insufficient for a finding of bias or prejudice. *See In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

{¶ 8} As to the other comments in the judge's entry, Trageser states that one "would expect [the statements] to come from the opposing counsel, but to be uttered by a Judge in his ruling on a motion in the middle of a trial is without a doubt tainting the due process of a fair and impartial hearing." For his part, Judge Baronzzi explains that after observing Trageser's testimony at both the hearing on her motion to disqualify Laslo and the July merit hearing, he had developed "significant concerns" regarding her "general veracity and/or motivations." He further explains that he was "candid and honest" with her in his findings that there was no credible evidence to support her motion.

{¶ 9} Contrary to Trageser's contention, a judge, like any trier of fact, is expected to assess a witness's character and credibility. *In re Disqualification of Gaines*, 74 Ohio St.3d 1259, 1261, 657 N.E.2d 1359 (1994). And when a judge's opinion regarding a party's credibility is formed on the basis of evidence presented during the course of the proceedings, that opinion is not deemed to be the product of bias or prejudice. *See id.* (judge's unfavorable comments about the affiant's parenting skills were formed over protracted litigation in which the judge had multiple opportunities to observe the affiant; therefore, the judge's comments were not grounds for disqualification). Here, Judge Baronzzi claims that he formed his opinion about Trageser's credibility as a result of her testimony at two hearings. Rather than reflecting bias, the judge's language in his entry displays his rationale for denying her motion—that is, why he doubted the truthfulness of her allegations. On this record, Trageser has not sufficiently demonstrated that the judge's language reveals that he has reached a fixed anticipatory judgment in the case.

4

**{¶ 10}** "The statutory right to seek disqualification of a judge is an extraordinary remedy. * * * A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome here. Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Baronzzi.

**{¶ 11}** In addition, it is ordered that the sealed documents from the juvenile court that Judge Baronzzi submitted with his response to the affidavit of disqualification shall be placed under seal by the clerk of this court.

_____