IN RE DISQUALIFICATION OF KNECE.

ROTHWELL *v*. ROTHWELL.

[Cite as *In re Disqualification of Knece,* 138 Ohio St.3d 1274,

2014-Ohio-1414.]

*Judges—Affidavit of disqualification—R.C. 2701.03(D)(3)—Judge may undertake*
*ministerial acts during the pendency of an affidavit of disqualification—*
*Disqualification denied.*

(No. 14-AP-005—Decided March 5, 2014.)

ON AFFIDAVIT OF DISQUALIFICATION in Pickaway County Court of Common

Pleas Case No. 2009-DV-0335.

————————————

**O'CONNOR, C.J.**

**{¶ 1}** Kinsley F. Nyce, counsel for defendant Mark Rothwell, filed an affidavit of disqualification on January 27, 2014, against Judge P. Randall Knece of the Court of Common Pleas of Pickaway County. Nyce's affidavit was denied by entry dated February 4, 2014, because the record failed to indicate what, if anything, remained pending before Judge Knece in the underlying case. *See In re Disqualification of Hayes*, 135 Ohio St.3d 1221, 2012-Ohio-6306, 985 N.E.2d 501, ¶ 6 ("[t]he Chief Justice cannot rule on an affidavit of disqualification when * * * nothing is pending before the trial court").

**{¶ 2}** On February 11, 2014, Nyce filed two supplemental affidavits of disqualification, averring that since the filing of his initial affidavit, he had filed a motion in the trial court under Civ.R. 59 and 60. Nyce also set forth additional bias allegations against Judge Knece.

**{¶ 3}** Judge Knece has responded in writing to the allegations in Nyce's initial and supplemental affidavits, denying any bias or prejudice against Nyce or his client.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Knece.

### Nyce's First Supplemental Affidavit

**{¶ 5}** As noted above, Nyce filed his initial affidavit of disqualification on January 27, 2014. The next scheduled hearing in the underlying case was set for that same day on plaintiff's motion to disburse the supersedeas bond posted by defendant.[1] After filing his affidavit, Nyce appeared for the scheduled hearing and presented a copy of the affidavit to Judge Knece. Judge Knece moved forward with the hearing and entered an order directing the clerk of courts to disburse the supersedeas bond proceeds to plaintiff. Nyce argues that the filing of his initial affidavit should have barred Judge Knece from proceeding with the January 27 hearing and disbursing the bond proceeds. Nyce further states that at the hearing, Judge Knece "functioned in a manner not appropriate to neutral judicial temperament," engaged in a "unilateral argument" with Nyce about the affidavit of disqualification, "had significant words demonstrating animosity," and was "aggressive, demeaning and unresponsive" to Nyce's arguments.

**{¶ 6}** Under R.C. 2701.03(D)(1), if the clerk of this court accepts an affidavit of disqualification for filing, "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court * * * rules on the affidavit." *See also State*

---

1. Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." However, this statutory deadline may be set aside "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). Here, Nyce sufficiently demonstrated that he had received notice of the hearing on January 25, 2014, which was less than seven days before the hearing. Therefore, his affidavit was considered timely filed.

*v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 57 (the filing of an affidavit "automatically divests the judge of jurisdiction to proceed until the matter is resolved"). However, there are statutory exceptions to this prohibition against proceeding after the filing of an affidavit of disqualification. *See* R.C. 2701.03(D)(2) and (3). Most relevant here, R.C. 2701.03(D)(3) authorizes a judge against whom an affidavit is filed to decide matters that do not "affect a substantive right of any of the parties." Courts have interpreted this exception as allowing a judge to undertake ministerial acts during the pendency of the affidavit. *See, e.g.*, *State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 299, 691 N.E.2d 253 (1998); *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 317, 725 N.E.2d 663 (2000) (interpreting analogous provision in R.C. 2701.031); *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 10th Dist. Franklin No. 13AP-106, 2013-Ohio-5543, ¶ 18, 28.

{¶ 7} Judge Knece appears to invoke this exception, arguing that his order disbursing the supersedeas bond was "ministerial in nature" and in compliance with the appellate court's directive to carry its judgment into execution. Nyce disagrees, claiming that the issue of bond disbursement was not yet ripe for consideration.

{¶ 8} If there is any question whether a judge's ruling during the pendency of an affidavit could affect a party's substantive rights, the more prudent course of action would be to refrain from making such a ruling until the affidavit is resolved. However, it is beyond the scope of this proceeding to determine whether Judge Knece had statutory authority to issue the January 27 order. The issue in disqualification proceedings is "limited to determining whether a judge in a pending case has a bias, prejudice, or other disqualifying interest that mandates the judge's disqualification from that case." *In re Disqualification of Griffin*, 101 Ohio St.3d 1219, 2003-Ohio-7356, 803 N.E.2d 820, ¶ 9. *Compare Stern* at 299-300 (issuing writ of prohibition voiding a judge's

orders on substantive matters relating to a contempt conviction issued during the pendency of an affidavit of disqualification) and *Kreps* at 317 (denying a request for writs of prohibition and mandamus against a judge who had made a "ministerial" order directing a party to pay a previously ordered judgment during the pendency of an affidavit).

{¶ 9} Although a judge's ruling during the pendency of an affidavit could be evidence of bias, *see, e.g., In re Disqualification of Celebrezze*, 74 Ohio St.3d 1242, 657 N.E.2d 1348 (1992), Judge Knece's legal determination here that the issue before the court on January 27 was "ministerial"—and therefore not prohibited by the filing of Nyce's affidavit—does not, by itself, indicate bias or prejudice against Nyce. It is well settled that a party's "dissatisfaction or disagreement with a judge's rulings, even if those rulings may be erroneous, does not constitute bias or prejudice and is not grounds for the judge's disqualification." *In re Disqualification of Floyd*, 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4.

{¶ 10} However, a judge could be disqualified if his or her adverse rulings were accompanied by words or conduct that call into question the manner in which the proceedings are being conducted. In addition, attorneys have a right to file an affidavit of disqualification challenging a court's perceived partiality " 'without the court misconstruing such a challenge as an assault on the integrity of the court.' " *Disciplinary Counsel v. Shimko*, 134 Ohio St.3d 544, 2012-Ohio-5694, 983 N.E.2d 1300, ¶ 32, quoting *United States v. Brown*, 72 F.3d 25, 29 (5th Cir.1995). Here, Nyce claims that after he presented his affidavit to Judge Knece at the January 27 hearing, the judge "had significant words demonstrating animosity" and engaged in a "unilateral argument."

{¶ 11} Nyce, however, has failed to substantiate these allegations with specific examples or a transcript of the hearing. In affidavit-of-disqualification proceedings, the burden falls on the affiant to submit "specific" allegations of

bias. R.C. 2701.03(B)(1). And the affiant is generally "required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Instead of submitting the transcript himself, Nyce requests this court to obtain the January 27 transcript for him. But it is not the chief justice's duty in deciding an affidavit of disqualification to further investigate an affiant's claims or obtain evidence on the affiant's behalf. Nyce had the burden of proof, and based on the record here, his vague and unsubstantiated allegations regarding Judge Knece's alleged animosity are insufficient for a finding of bias or prejudice. *See In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

### *Nyce's Second Supplemental Affidavit*

{¶ 12} On January 28, 2014, the day after Nyce filed his affidavit, Judge Knece initiated a teleconference with counsel in the underlying case. Nyce claims that during the conference, the judge stated that he had reviewed the docket in the underlying matter and discovered that plaintiff had a motion for contempt that had not yet been ruled on by the court. Judge Knece then allegedly stated that he would not make any rulings in the case pending resolution of Nyce's initial affidavit but that plaintiff's counsel should "revisit" the contempt motion. Nyce claims that the judge's conduct indicated "intentional intimidation" and was "contrary to the required elements of judicial fairness and neutrality."

{¶ 13} In response, Judge Knece explains that Nyce had claimed in his initial affidavit that the court had not timely ruled upon two of Nyce's motions. According to Judge Knece, he therefore reviewed the case docket and determined that Nyce's referenced motions were moot. The judge asserts that in reviewing the docket, he also determined that plaintiff had filed a contempt motion in May

2012, which remained pending. Judge Knece states that he then scheduled the teleconference for the sole purpose of "establishing procedural parameters to bring pending matters to a close, not for the purpose of intimidation."

{¶ 14} In affidavit-of-disqualification proceedings, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Given Judge's Knece's explanation for initiating the teleconference and referring to plaintiff's pending contempt motion, those presumptions have not been overcome in this case. Accordingly, Nyce has failed to establish that the judge's conduct was a product of bias against Nyce or his client.

### *Conclusion*

{¶ 15} For the reasons explained above, Nyce's supplemental affidavits are denied. The case may proceed before Judge Knece.

———————————————