IN RE DISQUALIFICATION OF CLUNK.

IN RE GUARDIANSHIP OF SETINSEK AND RELATED CASES.

[Cite as *In re Disqualification of Clunk,* 142 Ohio St.3d 1227, 2014-Ohio-5867.]

(No. 14–AP–060—Decided September 3, 2014.)

O'CONNOR, C.J.

{¶ 1} William M. Flevares, counsel for Rudolph Joseph Setinsek, has filed an affidavit with the clerk of this court under R.C. 2701.03 seeking to disqualify Judge R.R. Denny Clunk, a retired judge sitting by assignment, from presiding over any further proceedings in the above-captioned cases and all other cases in which Flevares appears as counsel before Judge Clunk. Judge Clunk is currently assigned to hear all of Flevares's probate cases in Trumbull County because Trumbull County Probate Court Judge Thomas A. Swift recused himself from Flevares's matters.

{¶ 2} Flevares claims Judge Clunk is biased against him because, he alleges, (1) the judge engaged in an improper ex parte communication with Judge Swift, (2) the judge's language in a recent order wrongfully accused Flevares of making "intentional representations," (3) the judge has refused to comply with a public-records request, and (4) the judge communicated information to Flevares's clients that should have remained private. Judge Clunk has responded in writing to the allegations in Flevares's affidavit, denying any personal bias against him.

{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge Clunk.

{¶ 4} First, Flevares has not demonstrated that Judge Clunk's alleged ex parte communication with Judge Swift mandates the judge's disqualification. Jud.

Cond.R. 2.9 directs that judges "shall not initiate, receive, permit, or consider ex parte communications," and the comments to that rule further state that although a judge may consult with other judges, a judge "must avoid ex parte discussions of a case with judges who have previously been disqualified from hearing the matter." Jud.Cond.R. 2.9, comment [5]. "In affidavit of disqualification proceedings, however, the question is not whether the judge has violated the Code of Judicial Conduct, but whether the ex parte communication demonstrates bias or prejudice on the part of the judge." *In re Disqualification of Sheward,* 134 Ohio St.3d 1226, 2012-Ohio-6289, 982 N.E.2d 717, ¶ 12. To satisfy this test, the communication must address a substantive matter in the case, and the allegations must be substantiated and consist of something more than hearsay or speculation. *Id.; In re Disqualification of Forsthoefel,* 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7.

{¶ 5} Here, Flevares's claim is based on a letter from Judge Swift in which he states that Judge Clunk notified him of objections to a magistrate's decision that Flevares had recently filed and that Judge Clunk described the language in Flevares's objections as "egregious" and showing "blatant contempt" for Judge Swift. Flevares argues that Judge Swift's letter is "proof" that the two judges engaged in an improper ex parte communication. For his part, Judge Clunk acknowledges that he told Judge Swift to review Flevares's objections and that he also stated to Judge Swift that it was obvious from Flevares's objections that Flevares did not like Judge Swift. Based on this record, it appears that the judges' communication was limited to the language and tone used in Flevares's objections, rather than any substantive matter in the underlying cases. Therefore, Flevares has failed to substantiate his claim that Judge Clunk's communication with Judge Swift demonstrates bias or prejudice.

{¶ 6} Second, contrary to Flevares's contention, Judge Clunk's order responding to Flevares's objections does not establish that he is biased against Flevares. In his objections, Flevares argued that the magistrate had never held a hearing on a pending matter. It appears, however, that the magistrate had in fact held a hearing, and Judge Clunk found it "obvious" that Flevares was "intentionally misrepresenting" the facts related to that hearing. Flevares concludes that Judge Clunk's choice of words demonstrates that the judge is biased against him.

The term "bias or prejudice" "implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts."

*In re Disqualification of O'Neill*, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting *State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Judge Clunk's language does not prove that he has hostility toward Flevares or that he has formed a fixed judgment against Flevares's client. Judge Clunk's order was based on his interpretation of the arguments raised in Flevares's objections, and such conclusions are generally not deemed to be the product of bias. *See, e.g., In re Disqualification of Baronzzi*, 138 Ohio St.3d 1210, 2013-Ohio-5899, 3 N.E.3d 1196, ¶ 9 ("when a judge's opinion regarding a party's credibility is formed on the basis of evidence presented during the course of the proceedings, that opinion is not deemed to be the product of bias or prejudice").

{¶ 7} Third, Judge Clunk's alleged failure to comply with Flevares's public-records request is not grounds for disqualification. "An affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge. It is not a vehicle to contest matters of substantive or procedural law * * *." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Thus, it is not within the scope of this proceeding to evaluate Judge Clunk's compliance with public-records laws. And regardless, Judge Clunk has indicated that since Flevares filed his affidavit, the judge fulfilled the request.

{¶ 8} Finally, Flevares has not specifically explained how Judge Clunk violated his privacy rights. The record shows that Judge Swift sent letters to the litigants in Flevares's cases explaining that he recused himself from those matters because Flevares had made accusations against him, which he "self-reported" to disciplinary counsel. Weeks later, Judge Clunk sent similar letters informing the parties that he had been assigned to hear Flevares's cases and repeating that Judge Swift had recused himself after "self reporting" Flevares's allegations to disciplinary counsel. Flevares claims that these letters somehow violated a right to keep disciplinary matters private. Gov.Bar R. V(11)(E) requires that all proceedings and documents relating to review and investigation of an attorney-disciplinary grievance remain "private" unless the respondent-attorney waives the privacy of the proceedings. Here, Flevares has not explained how *his* privacy rights were violated by Judge Clunk's publicly stating that Judge Swift had "self reported" his own conduct to disciplinary counsel, nor has Flevares specifically explained how Judge Clunk's letters demonstrate bias against Flevares. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

{¶ 9} For the reasons stated above, the affidavit of disqualification is denied. The cases may proceed before Judge Clunk.