IN RE DISQUALIFICATION OF DAUGHERTY.

STATE *v.* YUREJCHUK.

[Cite as *In re Disqualification of Daugherty,*
145 Ohio St.3d 1208, 2015-Ohio-5668.]

(No. 15–AP–073—Decided August 18, 2015.)

O'CONNOR, C.J.

{¶ 1} Defendant Terrence W. Yurejchuk has filed an affidavit with the clerk of this court under R.C. 2701.031 seeking to disqualify Judge Michael Daugherty from presiding over any further proceedings in the above-captioned cases.

{¶ 2} Yurejchuk, however, has not met the statutory filing requirements for an affidavit of disqualification. R.C. 2701.03(B) requires that an affidavit of disqualification be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled and * * * include * * * [t]he jurat of a notary public or another person authorized to administer oaths or affirmations [and] * * * [t]he date of the next scheduled hearing."

{¶ 3} Yurejchuk's affidavit indicates that he swore to the allegations on August 10, 2015, and that the next scheduled hearing was August 12, 2015. Yet Yurejchuk filed the affidavit on August 17, 2015—after the August 12 hearing date. Along with his affidavit, he submitted an unsworn document indicating that the August 12 hearing date had been moved to August 19, 2015. However, because Yurejchuk's sworn affidavit includes a hearing date prior to the date he filed his affidavit, he has not properly identified the date of the next scheduled hearing, as required by R.C. 2701.03(B). And the unsworn document cannot cure his mistake.

{¶ 4} In addition, even if Yurejchuk's affidavit had included the correct hearing date, he has not demonstrated that his affidavit was timely filed. Yurejchuk's unsworn document attempts to explain why he could not file the affidavit seven days before the August 19 hearing. It is well established that the seven-day statutory deadline may be set aside "when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven

days before the hearing date. *In re Disqualification of Leskovyansky*, 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999). However, an allegation that compliance with the seven-day deadline was impossible must be part of a sworn affidavit. Yurejchuk's failure to confirm his allegations by oath or affirmation before a competent officer does not comply with R.C. 2701.03(B). *See, e.g., In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 19 (allegations raised in an unsworn rebuttal letter cannot be considered as part of the affidavit of disqualification and are therefore considered a "nullity"). Accordingly, Yurejchuk has failed to set forth a sufficient basis for setting aside the seven-day filing requirement.

{¶ 5} For the reasons stated above, the affidavit of disqualification is dismissed.