IN RE DISQUALIFICATION OF MCGRATH.

DAY *v.* DEPARTMENT OF REHABILITATION AND CORRECTION.

2016-Ohio-8601.]

(No. 16–AP–080—Decided September 22, 2016.)

O'CONNOR, C.J.

{¶ 1} Plaintiff, Dan J. Day, has filed an affidavit with the clerk of this court under R.C. 2743.041 and 2701.03 seeking to disqualify Judge Patrick M. McGrath from presiding over any further proceedings in the above-captioned case pending in the Ohio Court of Claims.[1]

---

1. In 2014, the General Assembly enacted R.C. 2743.041, which provides that the procedures for filing and deciding an affidavit of disqualification against judges of the court of common pleas under

{¶ 2} Day claims that Judge McGrath has a conflict of interest because one of the judge's previous entries in the case "distorted the facts" and "provide[d] a non-rational basis" for his decision. An affidavit of disqualification, however, addresses the narrow issue of the possible bias of a judge, and "[i]t is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Therefore, it is not within the scope of this proceeding to evaluate whether Judge McGrath accurately set forth the facts or provided a rational basis for his prior decision. Day may have other remedies for his complaints about Judge McGrath's legal ruling, but his disagreement with the judge's decision is not a basis for disqualification.

{¶ 3} The affidavit of disqualification is therefore denied. The case may proceed before Judge McGrath.

R.C. 2701.03 also apply to affidavits of disqualification against judges of the court of claims. *See* 2014 Am.Sub.H.B. No. 261. This is the first affidavit of disqualification filed against a judge of the court of claims under the new legislation.