O'Connor, C.J.
*1268 {¶ 1} Jeffrey F. Slavin, counsel for the father in the above-referenced child-custody case, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Denise Rini from presiding over any further proceedings in the matter.
{¶ 2} Mr. Slavin claims that Judge Rini is biased against his client and favors the mother of the minor child, as demonstrated by the judge's prior decision in a related child-support case. For example, Mr. Slavin claims that in the judge's prior decision, she found that the father's testimony was not credible and accepted the mother's "illogical" testimony without question. Mr. Slavin also requests that this court, "as part of its investigation," obtain a sealed tape recording of Judge Rini's in camera interview with the minor child.
*1269 {¶ 3} Judge Rini has responded in writing to the affidavit. She denies any bias against the father and explains the basis for her prior decision in the child-support case.
{¶ 4} Contrary to Mr. Slavin's allegations, that Judge Rini found the father's testimony not credible in the prior case does not mean that she will be biased against the father or that she has prejudged the merits of the underlying proceeding. "[A] judge, like any trier of fact, is expected to assess a witness's character and credibility. And when a judge's opinion regarding a party's credibility is formed on the basis of evidence presented during the course of the proceedings, that opinion is not deemed to be the product of bias or prejudice." (Citation omitted.) In re Disqualification of Baronzzi , 138 Ohio St.3d 1210, 2013-Ohio-5899, 3 N.E.3d 1196, ¶ 9. And "[j]udges are expected to be able to keep their prior opinions from intruding on their duties to fairly and impartially decide each case." In re Disqualification of Vercillo , 137 Ohio St.3d 1237, 2013-Ohio-5763, 1 N.E.3d 414, ¶ 5 (a judge's finding in a prior case that a party was not credible did not require the judge's disqualification *385 from a subsequent case involving that party). Thus, Mr. Slavin has not established that Judge Rini's prior decision in the child-support case is evidence that she is biased against the father. If the father disagrees with Judge Rini's credibility determinations and other legal conclusions in that case, he may raise the issues on appeal. However, an adverse ruling, without more, is not evidence that a judge is biased or prejudiced. In re Disqualification of D'Apolito , 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5.
{¶ 5} Moreover, "it is not the chief justice's duty in deciding an affidavit of disqualification to further investigate an affiant's claims or obtain evidence on the affiant's behalf." In re Disqualification of Knece , 138 Ohio St.3d 1274, 2014-Ohio-1414, 7 N.E.3d 1213, ¶ 11. Accordingly, Mr. Slavin's request that this court obtain sealed interview tapes as part of an "investigation" are not well taken.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Rini.