O'Connor, C.J.
*1277 {¶ 1} James R. Flaiz, the Geauga County Prosecuting Attorney, has filed an *391 affidavit and a supplemental affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Timothy J. Grendell from presiding over any further proceedings in the above-referenced cases.
{¶ 2} Mr. Flaiz claims that Judge Grendell and his staff have made public comments that reasonably call into question the judge's ability to impartially decide a matter pending before the court-namely, whether the Rules of Juvenile Procedure authorized Judge Grendell to remove the prosecutor's office from the two underlying cases. Further evidence of bias, Mr. Flaiz alleges, is Judge Grendell's refusal to accept for filing the prosecutor's notices of appeal from the judge's removal orders.
{¶ 3} Judge Grendell has responded in writing. The judge argues that because the prosecuting attorney does not represent any of the parties in the two cases, he lacked standing to file the affidavit of disqualification and, similarly, he had no right to file the appeals. The judge also explains his legal basis for removing the prosecutor's office from the two cases, and the judge denies any bias toward either juvenile or the prosecutor's office.
{¶ 4} Mr. Flaiz and Judge Grendell clearly disagree about the role of the county prosecuting attorney in juvenile-court proceedings. However, this is not the appropriate forum to resolve their differences. "An affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge," and "[i]t is not a vehicle to contest matters of substantive or procedural law." In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Although some of the juvenile court's public comments about Mr. Flaiz's legal position may have been unnecessary, Mr. Flaiz has not established that Judge Grendell's statements require his disqualification from the underlying cases. The *1278 comments relate to the ancillary dispute between the judge and the prosecutor, and the judge has acknowledged that he would reconsider his removal decisions if Mr. Flaiz submitted persuasive authority to support his position.
{¶ 5} Mr. Flaiz may have other remedies for his disagreement with Judge Grendell's interpretation of the Rules of Juvenile Procedure and with the juvenile court's rejection of the prosecutor's notices of appeals. But the propriety of those decisions may not be litigated in an affidavit of disqualification, and therefore, in this matter, the decisions themselves are not evidence of bias or prejudice. See In re Disqualification of Knece , 138 Ohio St.3d 1274, 2014-Ohio-1414, 7 N.E.3d 1213, ¶ 9.
{¶ 6} The affidavit of disqualification is denied, and the underlying cases may proceed before Judge Grendell. This decision shall not be construed to support the legal position of either Mr. Flaiz or Judge Grendell regarding the role of the prosecuting attorney in juvenile-court proceedings.