O'Connor, C.J.
*1321 {¶ 1} Plaintiff, Cari Branden, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Rosemary Grdina Gold from presiding over any further proceedings in the above-referenced case.
{¶ 2} Ms. Branden avers that Judge Gold is biased against her for the following reasons: (1) the judge mistakenly granted one of the defendant's motions before giving Ms. Branden an opportunity to present a response, (2) the judge and her staff exhibited hostility toward Ms. Branden's counsel in two unrelated cases, and (3) the judge delayed resolving postdecree motions for substantial periods of time.
{¶ 3} Judge Gold has responded in writing to the affidavit and denies any bias against Ms. Branden. Specifically, the judge (1) acknowledges that she made an error by prematurely deciding one of the defendant's motions but further states that after learning of her mistake, she addressed it with counsel and corrected her error, (2) describes the circumstances of the two unrelated cases involving Ms. Branden's counsel, one of which resulted in Judge Gold's voluntary recusal, and affirms that those matters will not affect her ability to remain impartial in Ms. Branden's case, and (3) acknowledges that although there have been delays in the underlying case, the delays have been attributable to both the court and the parties' counsel.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill, 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt, 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Ms. Branden has not established that Judge Gold has hostility toward her or a fixed anticipatory *1322 judgment on any issue in the underlying case. For example, merely because Judge Gold made a mistake in deciding a prior motion or recused herself from an unrelated case involving plaintiff's counsel does not prove that she is biased in the underlying matter. "A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." In re Disqualification of George, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Without more, the record here does not require Judge Gold's removal, especially considering her lengthy and significant involvement in the proceedings. See In re Disqualification of Swift , 136 Ohio St.3d 1273, 2013-Ohio-4464, 996 N.E.2d 939, ¶ 5 (absent extraordinary circumstances, a judge should not be disqualified after having presided over lengthy proceedings in a pending case and after presentation of the evidence has already commenced).
{¶ 5} In addition, although a judge's neglect or unreasonable delay in a case *1304 could be a reason for disqualification, Ms. Branden has not established that Judge Gold's actions or inactions were so egregious to mandate her removal.
{¶ 6} The affidavit of disqualification is denied. The case may proceed before Judge Gold.