O'Connor, C.J.
*1280 {¶ 1} Yolanda Andolsek has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 and 2701.031 seeking to disqualify Judge Ronald J.H. O'Leary from presiding over any further proceedings in the above-referenced case.
{¶ 2} Ms. Andolsek claims that Judge O'Leary lacks subject-matter jurisdiction and that the court's magistrate has made prejudicial comments to her.
{¶ 3} For the reasons explained below, no basis has been established to order the disqualification of Judge O'Leary.
{¶ 4} First, Ms. Andolsek has not complied with the requirements for filing an affidavit of disqualification. R.C. 2701.03(B)(4) requires that the affidavit include "[t]he date of the next scheduled hearing in the proceeding or, if there is no hearing scheduled, a statement that there is no hearing scheduled." Ms. Andolsek's affidavit indicates that she swore to the allegations on March 12, 2019, and that the next scheduled hearing was March 19, 2019. Yet Ms. Andolsek filed her affidavit on March 27, 2019-eight days after the March 19 hearing. Along with her affidavit, she submitted an unsworn document, dated March 22, indicating that there were "no new hearings scheduled" in the case.
{¶ 5} Because Ms. Andolsek's sworn affidavit includes a hearing date prior to the date she filed her affidavit, she has not properly identified the date of the next scheduled hearing as required by R.C. 2701.03(B). "And the unsworn document cannot cure [her] mistake." In re Disqualification of Daugherty , 145 Ohio St.3d 1208, 2015-Ohio-5668, 47 N.E.3d 859, ¶ 3 ; see also In re Disqualification of Fuerst , 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 19 *1281 (allegations raised in an unsworn letter cannot be considered as part of an affidavit of disqualification).
{¶ 6} Second, even if Ms. Andolsek had complied with the filing requirements, she failed to set forth adequate grounds for Judge O'Leary's disqualification. An affidavit of disqualification "addresses the narrow issue of the possible bias of a judge" and " 'is not a vehicle to contest matters of substantive or procedural law.' " In re Disqualification of McGrath , 149 Ohio St.3d 1224, 2016-Ohio-8601, 74 N.E.3d 453, ¶ 2, quoting In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Therefore, it is outside the scope of this proceeding to determine a court's subject-matter jurisdiction. In addition, " R.C. 2701.03 does not permit the chief justice to consider claims of bias or prejudice against magistrates." In re Disqualification of Celebrezze , 135 Ohio St.3d 1218, 2012-Ohio-6304, 985 N.E.2d 499, ¶ 8.
{¶ 7} The affidavit of disqualification is denied. The case may proceed before Judge O'Leary.