O'Connor, C.J.
*1281 {¶ 1} William L. Burton, counsel for the defendant, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Michael W. Ward, a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced case.
{¶ 2} Mr. Burton claims that Judge Ward has hostility toward him and favors the attorneys representing the state of Ohio. For example, Mr. Burton asserts *1282 that he provided proof to Judge Ward that the prosecution's case rests on false statements but the judge ignored him and refused to investigate the prosecutors' actions. In addition, Mr. Burton claims that in one of the judge's recent entries on a pretrial motion, the judge predetermined some of the legal and factual issues in the case, without hearing any evidence. Mr. Burton also argues that Judge Ward is prejudiced in favor of the prosecution because the state's main witness formerly worked with the judge.
{¶ 3} Judge Ward responded in writing to the affidavit and thoroughly addressed Mr. Burton's allegations. The judge denies any prejudice against Mr. Burton, denies favoring the state's attorneys, and denies prejudging any issue in the case. The judge acknowledged that in his recent entry, he should have used the word "allegedly" to describe the factual allegations against the defendant. The judge affirms that the defendant is presumed to be innocent and that the state has the burden to prove each element of the charged crimes, including subject-matter jurisdiction. The judge further states that although he worked with the state's main witness from 1981 to possibly 1984, the judge has neither seen nor communicated with the witness since then.
{¶ 4} In disqualification requests, "[t]he term 'bias or prejudice' 'implies a hostile feeling or spirit of ill-will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge, as contradistinguished from an open state of mind which will be governed by the law and the facts.' " In re Disqualification of O'Neill , 100 Ohio St.3d 1232, 2002-Ohio-7479, 798 N.E.2d 17, ¶ 14, quoting State ex rel. Pratt v. Weygandt , 164 Ohio St. 463, 469, 132 N.E.2d 191 (1956). Mr. Burton has not established that Judge Ward has hostility toward him, favoritism toward the state, or a fixed judgment on any issue in the underlying case.
{¶ 5} Mr. Burton primarily argues that the state's attorneys have made false statements, and he criticizes Judge Ward for refusing to admonish the prosecutors or to refer them to disciplinary authorities. But this is not the appropriate forum to determine whether the prosecutors engaged in misconduct. An affidavit of disqualification "addresses the narrow issue of the possible bias of a judge" and " 'is not a vehicle to contest matters of substantive or procedural law.' "
*250 In re Disqualification of McGrath , 149 Ohio St.3d 1224, 2016-Ohio-8601, 74 N.E.3d 453, ¶ 2, quoting In re Disqualification of Solovan , 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Mr. Burton may have other remedies if he believes that the state's case rests on false evidence. But without more, his suppositions alone do not warrant Judge Ward's disqualification. Similarly, Judge Ward has clarified that in his recent entry, he did not intend to reach any conclusions regarding the factual allegations against the defendant.
*1283 {¶ 6} Further, it is well settled that "when the professional relationship between a judge and a witness * * * is not particularly close, there is less reason to question the judge's impartiality. Under these circumstances, disqualification requests based on a professional connection alone are generally denied." In re Disqualification of Winkler , 142 Ohio St.3d 71, 2014-Ohio-5877, 28 N.E.3d 62, ¶ 6. Here, it appears that Judge Ward's professional relationship with one of the state's witnesses ended over 30 years ago, and the judge affirms that he no longer sees or communicates with the witness. On this record, no objective observer would reasonably question Judge Ward's ability to preside fairly in the underlying case. See, e.g. , In re Disqualification of Vercillo , 137 Ohio St.3d 1237, 2013-Ohio-5763, 1 N.E.3d 414, ¶ 7-8.
{¶ 7} "The statutory right to seek disqualification of a judge is an extraordinary remedy. A judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." (Citation omitted.) In re Disqualification of George , 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. Those presumptions have not been overcome in this case.
{¶ 8} The affidavit of disqualification is denied. The case may proceed before Judge Ward.