IN RE DISQUALIFICATION OF POKORNY.

THE STATE OF OHIO v. SMITH.

[Cite as In re Disqualification of Pokorny (1992), 74 Ohio St.3d 1238.]

(No. 91–AP–184—Decided March 26, 1992.)

MOYER, C.J.  This purported affidavit of disqualification was filed by Thomas Smith seeking the disqualification of Judge Thomas J. Pokorny from further proceedings in the above-styled case.

The purported affidavit sets forth facts alleging bias and prejudice on the part of Judge Pokorny and is signed by affiant, but it fails to contain the jurat of a notary public or other official authorized to administer an oath or affirmation.

R.C. 2701.03 authorizes a party or counsel to a party in a pending cause or matter to file an affidavit with the Clerk of the Supreme Court seeking disqualification of a judge of the court of common pleas before whom the case or matter is pending.  By definition, an affidavit must be "confirmed by oath or affirmation of the party making it, taken before a person having authority to administer [the] oath or affirmation."  Black's Law Dictionary (5 Ed.1979) 54.

An affidavit must appear, on its face, to have been taken before the proper officer and in compliance with all legal requisites.  A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit.  See Benedict v. Peters (1898), 58 Ohio St. 527, 51 N.E. 37.  Here, affiant failed to confirm his statement by oath or affirmation;  therefore, it cannot be considered an affidavit filed pursuant to R.C. 2701.03.

For these reasons, the purported affidavit of disqualification is a nullity and has no effect on the proceedings before Judge Pokorny.  See In re Disqualification of Corts (Mar. 20, 1989), No. 89–AP–052, unreported.