**POLLACK, Appellant,**

v.

**BRADSHAW et al., Appellees.**

[Cite as *Pollack v. Bradshaw* (1997), 124 Ohio App.3d 114.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 97APE03–364 and 97APE05–699.

Decided Nov. 13, 1997.

*Susan Pollack, pro se.*

*Zeiger & Carpenter, John W. Zeiger, Marion H. Little, Jr.* and *Joseph T. Olecki,* for appellees.

PEGGY BRYANT, Judge.

Plaintiff-appellant, Susan Pollack, appeals from a judgment of the Franklin County Court of Common Pleas dismissing her action against defendants James Bradshaw and Michael Curtin. Plaintiff assigns a single error:

"The trial court erred and abused its discretion in entering a judgment while an affidavit of prejudice was pending against him in this action with the Ohio Supreme Court Disciplinary Counsel."

Because the defective affidavit of prejudice plaintiff filed in the Supreme Court did not disqualify the trial judge from the proceedings before him, we affirm.

On August 6, 1996, plaintiff filed an action against James Bradshaw, Michael Curtin (collectively, "defendants"), and Senator Eugene Watts, asserting libel, slander, invasion of privacy, defamation of character, and intentional infliction of emotional distress. On September 25, 1996, defendants responded with a motion to dismiss. By leave of court, plaintiff filed an amended complaint, and again defendants responded with a motion to dismiss. Following full briefing, the trial court granted the motion by decision and entry filed on December 19, 1996. Pursuant to defendants' motion, the trial court entered an order finding no just cause for delay.

On December 19, 1996, plaintiff filed an affidavit of prejudice against the trial judge pursuant to R.C. 2701.03. The record contains a copy of the affidavit time-stamped December 23, 1996, in the common pleas court; it bears a note from

plaintiff stating the reasons for filing the affidavit and directing it to the judge's attention. In addition, the record contains a letter from the deputy clerk of the Supreme Court of Ohio to the clerk of the common pleas court giving notice pursuant to R.C. 2701.03 of the affidavit of disqualification filed in the Supreme Court on December 19, 1996; that affidavit bears a time-stamp in the common pleas court of December 27, 1996.

By entry signed December 19, 1996, Chief Justice Moyer of the Ohio Supreme Court ordered the affidavit of disqualification stricken from the record and dismissed: "As this affidavit does not contain the jurat of a notary public or another person authorized to administer oaths or affirmations, the affidavit should not have been accepted for filing pursuant to R.C. 2701.03(C)(2)." Although plaintiff sought reconsideration of the Supreme Court's decision, the motion for reconsideration was overruled by entry signed January 7, 1997.

Plaintiff appeals the trial court's judgment dismissing her action. In her single assignment of error, plaintiff contends that the trial court erred in granting defendants' motion to dismiss while her affidavit of prejudice was pending.

R.C. 2701.03(D)(1) provides:

"Except as provided in divisions (D)(2) to (4) of this section, if the clerk of the supreme court accepts an affidavit of disqualification for filing under divisions (B) and (C) of this section, the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court, or a justice of the supreme court designated by the chief justice, rules on the affidavit pursuant to division (E) of this section."

R.C. 2701.03(B) provides the necessary elements to be included in the affidavit of disqualification. Pertinent to plaintiff's case, R.C. 2701.03(B)(2) requires that the affidavit include "the jurat of a notary public or other person authorized to administer oaths or affirmations." Pursuant to the provisions of R.C. 2701.03(C)(2), the Clerk of the Supreme Court "shall not accept an affidavit of disqualification presented for filing under division (B) of this section if it is not timely presented for filing or does not satisfy the requirements of divisions (B)(2), (3), and (4) of this section." Here, the Chief Justice of the Supreme Court of Ohio struck plaintiff's affidavit because it did not contain the necessary jurat, and further stated that the Clerk should not have accepted the affidavit for filing.

An affidavit filed pursuant to R.C. 2701.03 that lacks a jurat of a notary public or other official authorized to administer oaths is not an affidavit for purposes of that section. As the Supreme Court explained in *In re Disqualification of Pokorny* (1992), 74 Ohio St.3d 1238, 657 N.E.2d 1345:

"An affidavit must appear, on its face, to have been taken before the proper officer and in compliance with all legal requisites. A paper purporting to be an

affidavit, but not to have been sworn to before an officer, is not an affidavit. * * * Here, affiant failed to confirm his statement by oath or affirmation; therefore, it cannot be considered an affidavit filed pursuant to R.C. 2701.03." (Citation omitted.)

As a result, even though R.C. 2701.03(D)(1) generally deprives a judge against whom an affidavit has been accepted for filing of any authority in the proceedings before him or her, plaintiff's failure to comply with the jurat requirements of R.C. 2701.03(B)(2) means her "purported affidavit of disqualification is a nullity and has no effect on the proceedings" before the trial judge in her case. *Id.*

Because the trial judge had authority to preside over the proceedings in this case in the trial court, plaintiff's single assignment of error is overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Bowman and Lazarus, JJ., concur.