Opinion in Chambers, per Moyer, C.J.

IN RE DISQUALIFICATION OF BASINSKI.

MAYNARD *v*. ELLIOTT.

**[Cite as *In re Disqualification of Basinski*, 100 Ohio St.3d 1213, 2002-Ohio-7466.]**

*Judges — Affidavit of disqualification — Adverse ruling on a continuance or other scheduling matters does not demonstrate bias or prejudice.*

(No. 02-AP-014 — Decided February 18, 2002.)

ON AFFIDAVIT OF DISQUALIFICATION in Lorain County Common Pleas Court, Division of Domestic Relations, case No. 01DR059031.

_____

**MOYER, C.J.**

{¶1} This affidavit of disqualification was filed by Brent English, counsel for defendant Fred Elliott, seeking the disqualification of Judge David Basinski from further proceedings in the above-captioned case.

{¶2} Affiant contends that Judge Basinski is biased against him because of circumstances surrounding affiant's request for a continuance of a trial scheduled for January 23, 2002. Having reviewed the record before me, I cannot conclude that affiant has demonstrated the existence of bias or prejudice on the part of Judge Basinski. A judge's ruling on a request for a continuance or other scheduling matters is discretionary, and an adverse ruling on these matters does not demonstrate the existence of bias or prejudice. *In re Disqualification of Spahr* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457. Moreover, a judge will not be disqualified because he or she attempts to adhere to a trial schedule and insists on

compliance with the mandates of this court's Rules of Superintendence regarding the granting of continuances and the timely disposition of cases.

{¶3} For these reasons, the affidavit of disqualification is found not well taken and denied. The case shall proceed before Judge Basinski.

_____