IN RE DISQUALIFICATION OF SUSTER.

MEYER ET AL. *v*. SPORTS INN, L.L.C., ET AL.

[Cite as *In re Disqualification of Suster,*

127 Ohio St.3d 1240, 2009-Ohio-7202.]

*Judges — Affidavit of disqualification — Disqualification denied.*

(No. 09-AP-096 — Decided December 21, 2009.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of

Common Pleas Case No. CV-08-664503.

_____

MOYER, C.J.

{¶ 1}   F. Benjamin Riek III, David G. Phillips, Eric M. Levy, and Stuart G. Torch, counsel for certain plaintiffs and counterclaim defendants, have filed affidavits with the clerk of this court under R.C. 2701.03 seeking the disqualification of Judge Ronald Suster from further proceedings in case No. CV-08-664503, a civil action in the Court of Common Pleas of Cuyahoga County.

{¶ 2}   Judge Suster has responded in writing to the concerns raised in the affidavits, offering a detailed account of his handling of the underlying action. The judge believes that affiants have failed to meet their burden under R.C. 2701.03 for disqualifying a judge, and he requests that the affidavits be denied.

**The Timeliness of the Affidavits of Disqualification**

{¶ 3}   As an initial matter, the timeliness of the affidavits warrants discussion.  An affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing" in the case is scheduled. R.C. 2701.03(B).  I have held that failure to comply with the statutory seven-day filing requirement can be excused only when the affiant has demonstrated that compliance with the provision was impossible, for example, if the alleged bias or

prejudice occurs fewer than seven days before the hearing date, or the case is scheduled or assigned to a judge within seven days of the next hearing. See *In re Disqualification of Leskovyansky* (1999), 88 Ohio St.3d 1210, 723 N.E.2d 1099. Cf. *In re Disqualification of Badger* (1989), 43 Ohio St.3d 601, 538 N.E.2d 1023 (holding that a judge may proceed with a scheduled hearing if the affidavit is untimely and no facts are set forth showing that it could not have been filed timely).

{¶ 4} The affidavits were filed with the clerk of this court on October 19, 2009, the same day that the trial was scheduled to commence. Affiants contend, however, that the affidavits could not have been filed earlier because the matters giving rise to the allegations in the affidavits occurred on October 15 and 16, 2009, less than seven days before the trial. Based on the facts before me when the affidavits were filed, I conclude that the clerk properly accepted the affidavits for filing despite the seven-day requirement in R.C. 2701.03(B). See *In re Disqualification of Squire,* 110 Ohio St.3d 1202, 2005-Ohio-7157, 850 N.E.2d 709, ¶ 2-3.

### Counsel's Motions to Continue the Trial

{¶ 5} Turning to the merits of the affidavits, the primary allegation is that Judge Suster demonstrated bias and prejudice, or an appearance of impropriety, when he denied three separate motions to continue the October 19 trial. Attorney Phillips, counsel for plaintiff Jill Wofford, filed a motion to continue the trial because of a conflict with a previously scheduled trial in federal court. Bruce Elfvin, counsel for plaintiffs Judy Kraemer and Margaret Searles, also requested a continuance due to a long-standing scheduled vacation for the week of October 19. Judge Suster denied these motions on October 15, 2009.

{¶ 6} Upon learning of the court's rulings, attorney Riek, counsel for plaintiffs Sandra Conte, April Aiello, Sharon Harper, and Lisa Candelaria, discovered that plaintiff Harper had been hospitalized for several days and would

be unable to attend the trial. Given Harper's medical condition, Riek filed a motion on October 16 to continue the trial. According to Riek, Judge Suster denied his motion later that same day despite knowing that Harper was hospitalized.

{¶ 7} Affiants collectively argue that Judge Suster's failure to grant their continuances was highly prejudicial to the plaintiffs. It is well settled, however, that a judge's decision to grant or deny a motion for a continuance is within the judge's sound discretion and is not, by itself, evidence of bias or prejudice. See *In re Disqualification of Pontious* (2001), 94 Ohio St.3d 1235, 1236, 763 N.E.2d 603; *In re Disqualification of Basinski* (2002), 100 Ohio St.3d 1213, 798 N.E.2d 2; and *In re Disqualification of Spahr* (1987), 36 Ohio St.3d 603, 522 N.E.2d 457.

{¶ 8} Having reviewed the record before me, I see no basis for concluding that the judge's rulings were the product of bias, prejudice, or other disqualifying interest. First, no prejudice is evident in the decision to deny Elfvin's requested continuance. A judge's refusal to adjust his trial schedule to accommodate counsel's vacation plans does not demonstrate bias or prejudice.

{¶ 9} Second, attorney Phillips sought a continuance because of an alleged conflict in federal court. But according to Phillips's affidavit, he had known since October 8, 2009, that his federal court trial would not start until October 26, one week after the trial in the underlying case was scheduled to begin. Phillips nevertheless argues that his October 26 federal court date still posed a conflict with the trial before Judge Suster because of the time needed to prepare for the federal trial. A judge is not, however, required to grant a continuance to allow counsel to prepare for trial in another court. Phillips also contends that the trial before Judge Suster was likely to last into the week of October 26, but that claim is based on speculation.

{¶ 10} Third, as to attorney Riek, he claims that Judge Suster denied his motion for a continuance on October 16. Yet the record before me reflects that

Riek's motion was denied as moot on October 22, after the judge had already canceled the trial due to the filing of the affidavits of disqualification with this court. Thus, no basis exists to disqualify Judge Suster based on his decision to overrule Riek's motion.

### Additional Allegations of Attorneys Phillips and Torch

{¶ 11} Upon entering the case, Phillips realized that Judge Suster had dismissed the claims of his client and certain other plaintiffs without prejudice, leaving only defendants' counterclaims pending against these plaintiffs. Phillips believes that the judge dismissed these claims solely because the plaintiffs were not represented by counsel. According to Phillips, the judge's action was "highly unusual" and the judge has refused all requests to explain his ruling. Attorney Torch similarly complains that Judge Suster dismissed the claims of his clients, Kraemer and Searles, when "they were unable to timely retain new counsel."

{¶ 12} These claims are rejected for the following reasons. First, I waived the seven-day filing requirement set forth in R.C. 2701.03(B) in this disqualification proceeding because compliance with the deadline was not possible. The filing requirement was waived, however, only as to allegations of bias or prejudice occurring on October 15 and 16, 2009. The record reflects that Judge Suster dismissed plaintiffs' claims on April 21, 2009. Attorney Phillips entered the case on July 24, 2009, and Torch's firm entered its appearance on August 20, 2009. Clearly, Phillips and Torch could have filed affidavits of disqualification raising this issue well before the October 19 trial date, and their decision to wait until a few days before trial to raise concerns about events that occurred months ago is not warranted based on the record before me. Accordingly, affiants' allegations here are dismissed as untimely.

{¶ 13} Second, even if affiants had timely raised these issues, it is well settled that a party's dissatisfaction or disagreement with a judge's legal rulings is not a basis for challenging the judge's ability to preside fairly and impartially over

4

the case. *In re Disqualification of Floyd,* 101 Ohio St.3d 1217, 2003-Ohio-7351, 803 N.E.2d 818, ¶ 4 (a judge's substantive legal decisions, even erroneous ones, are not grounds for disqualification). Procedures exist by which appellate courts may review – and if necessary, correct – rulings made by trial courts. But reviewing alleged legal errors is not my role in deciding an affidavit of disqualification. *In re Disqualification of Russo,* 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, ¶ 6.

{¶ 14} Third, there is no evidence of bias here. Judge Suster dismissed the plaintiffs' claims without prejudice for want of prosecution, and I see nothing in the record before me that would bar counsel from refiling plaintiffs' claims against the defendants.

{¶ 15} Phillips further alleges that Judge Suster denied without justification several motions that pertained to defendants' requests for admissions. Once again, Phillips does not contend that he was unable to raise this allegation in a timely manner as required by R.C. 2701.03(B). An affiant bears the burden of showing that he complied with the statutory filing requirements – or was not able to comply – and Phillips has not shown that he met the statutory seven-day filing requirement in this instance.

{¶ 16} Phillips also does not explain how the judge's rulings compel his disqualification from the underlying case. R.C. 2701.03(B)(1) requires the affiant to include the "specific allegations on which the claim of interest, bias, prejudice, or disqualification is based and the facts to support each of those allegations." Adverse rulings alone do not show that a judge is biased. See *In re Disqualification of Russo*, 110 Ohio St.3d 1208, 2005-Ohio-7146, 850 N.E.2d 713, at ¶ 5. If there are other reasons why Judge Suster cannot serve fairly and impartially in the underlying action, Phillips must explain those reasons specifically, as R.C. 2701.03 requires. See *In re Disqualification of Crow* (2000),

91 Ohio St.3d 1209, 741 N.E.2d 137, and *In re Disqualification of Greer* (1997), 81 Ohio St.3d 1208, 688 N.E.2d 513.

### Attorney Levy's Allegations

{¶ 17} Eric M. Levy, counsel for plaintiff Jennifer Meyer, filed an affidavit on October 19, 2009, alleging that the judge denied his motion for a protective order. As previously noted, "[a]n affidavit of disqualification addresses the narrow issue of the possible bias or prejudice of a judge. It is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan*, 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4.

{¶ 18} Levy also filed a letter to the court on November 9, 2009, that raises several new allegations of bias and prejudice against Judge Suster. Levy cannot, however, raise new allegations against a judge simply by filing a letter with the court. R.C. 2701.03 requires that a party or counsel seeking to disqualify a judge in a pending action must file an *affidavit* with the clerk of the Supreme Court. By definition, an affidavit must be confirmed by oath or affirmation of the party making it and be made before a person having authority to administer the oath or affirmation. *In re Disqualification of Pokorny* (1992), 74 Ohio St.3d 1238, 657 N.E.2d 1345. See also R.C. 2701.03(B)(2) (requiring that the affidavit contain the "jurat of a notary public or another person authorized to administer oaths or affirmations").

{¶ 19} Levy's failure to confirm the statements in his letter by oath or affirmation violates R.C. 2701.03. Accordingly, his complaints against Judge Suster are a nullity and have "no effect on the proceedings before" the trial court. *In re Disqualification of Pokorny*.

### Conclusion

{¶ 20} As I have said, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George,* 100 Ohio St.3d

1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5.  Those presumptions have not been overcome in this case.

{¶ 21} For the reasons stated above, the affidavits of disqualification are denied.  The case may proceed before Judge Suster.

_____