IN RE DISQUALIFICATION OF SHEWARD.

BANK ONE TRUST COMPANY, N.A. *v.* SCHERER ET AL.

[Cite as *In re Disqualification of Sheward,*

134 Ohio St.3d 1210, 2011-Ohio-7078.]

*Judges—Affidavit of disqualification dismissed—Motion for reconsideration—Motion denied.*

(No. 11-AP-076—Decided August 11, 2011.)

ON AFFIDAVIT OF DISQUALIFICATION in Franklin County Court of Common Pleas,

Probate Division, Case No. 430379-C.

_____

**O'CONNOR, C.J.**

**{¶ 1}** On July 29, 2011, attorney Kenneth R. Donchatz submitted an affidavit of defendant Ronald E. Scherer Jr. that sought to disqualify Judge Richard S. Sheward from the above-captioned case. The affidavit was dismissed on August 1, 2011, for failing to comply with R.C. 2701.03(B)(4) (requiring affidavit of disqualification to contain the date of the next scheduled hearing in the case, or a statement that there is no hearing scheduled).

**{¶ 2}** Attorney Donchatz has now submitted a motion for reconsideration on behalf of Ronald E. Scherer Sr. For the reasons that follow, the motion for reconsideration is denied.

**{¶ 3}** First, Ronald Scherer Sr. has no standing to request reconsideration. As noted above—as well as in the August 1 dismissal entry—Ronald Scherer Jr. filed an affidavit of disqualification. Ronald Scherer Sr. submitted an application on July 29, 2011, to disqualify Judge Sheward, but that application did not contain the "jurat of a notary public or another person authorized to administer oaths or affirmations," as required by R.C.

2701.03(B)(2). A document purporting to be an affidavit that is not sworn to or affirmed before a competent officer is not an affidavit within the meaning of R.C. 2701.03 and cannot be considered pursuant to that statute. *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992). Therefore, Ronald Scherer Sr. is not a party to this affidavit-of-disqualification proceeding. As a nonparty, he has no standing to request reconsideration.

{¶ 4} Second, attorney Donchatz has not set forth sufficient grounds for reconsideration. According to Donchatz, Judge Sheward scheduled a nonoral hearing on the parties' written closing arguments, but he instructed that the hearing would not be held until 30 days after the trial transcript was filed. Donchatz maintains that compliance with R.C. 2701.03(B)(4) was not possible because no specific hearing date could be pleaded when no one knew when the trial transcript would be filed. Donchatz further argues that he could not plead that no hearing was scheduled, because Judge Sheward clearly set the matter for hearing, albeit without a specific date. Donchatz, however, cannot raise arguments on reconsideration that could have been raised in the initial affidavit of disqualification. *See In re Disqualification of Russo*, 81 Ohio St.3d 1217, 1218, 688 N.E.2d 519 (1997). Nothing prevented Donchatz from including this explanation in the affidavit filed on July 29 and, therefore, his failure to do so resulted in a dispositive jurisdictional defect. That defect cannot be remedied in this case by asserting in a motion for reconsideration matters that should have been addressed in the affidavit itself. *Id*.

{¶ 5} Accordingly, the motion for reconsideration is denied. The case may proceed before Judge Sheward.

_____