IN RE DISQUALIFICATION OF DONNELLY.

LISBOA *v*. KLEINMAN ET AL.

[Cite as *In re Disqualification of Donnelly,* 134 Ohio St.3d 1221,

2011-Ohio-7080.]

*Judges—Affidavit of disqualification—"Affidavit" stricken and dismissed.*

(No. 11-AP-081—Decided August 18, 2011.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common

Pleas Case No. CV-11-753481.

————————————

**O'CONNOR, C.J.**

**{¶ 1}**   Jose Lisboa Jr. has filed a request with the clerk of this court under R.C. 2701.03 to disqualify Judge Michael P. Donnelly from acting on any further proceedings in case No. CV-11-753481, now pending in the Court of Common Pleas of Cuyahoga County.

**{¶ 2}**   R.C. 2701.03(A) requires that a party seeking to disqualify a judge must file an "affidavit" with the clerk of the Supreme Court.  Under Ohio law, an affidavit "is a written declaration under oath."  R.C. 2319.02.  To comply with R.C. 2701.03, an affidavit must be confirmed by oath or affirmation of the party making it and be made before a person having authority to administer the oath or affirmation.  *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992), quoting Black's Law Dictionary 54 (5th Ed.1979).  *See also* R.C. 2701.03(B)(2) (requiring that the affidavit contain the "jurat of a notary public or another person authorized to administer oaths or affirmations").

**{¶ 3}**   Lisboa's "affidavit" of disqualification, however, does not contain the "jurat of a notary public or another person authorized to administer oaths or affirmations," as required by R.C. 2701.03(B)(2).  Lisboa, who is currently in

Brazil due to immigration issues, claims that the United States Consulate in Brazil could not provide him with notary service before the statutory seven-day filing requirement set forth in R.C. 2701.03(B) had passed. Thus, in lieu of a sworn affidavit, Lisboa submitted a signed, unsworn statement pursuant to 28 U.S.C. 1746 (legitimizing certain unsworn declarations), declaring under penalty of perjury that the allegations against Judge Donnelly are "true and correct." But under Ohio law, unsworn written statements that are signed under penalty of perjury cannot be substituted for affidavits. *Toledo Bar Assn. v. Neller*, 102 Ohio St.3d 1234, 2004-Ohio-2895, 809 N.E.2d 1152, ¶ 22-24 (rejecting argument that statements made pursuant to 28 U.S.C. 1746 are valid in Ohio). Lisboa's failure to confirm his allegations against Judge Donnelly by oath or affirmation before a competent officer violates R.C. 2701.03. *Pokorny*, 74 Ohio St.3d at 1238, 657 N.E.2d 1345; *In re Disqualification of Suster*, 127 Ohio St.3d 1240, 2009-Ohio-7202, 937 N.E.2d 1026, ¶ 19. Accordingly, Lisboa's "affidavit" of disqualification is stricken and is hereby dismissed. *Id.*

_____