IN RE DISQUALIFICATION OF PATTON.

THE CITY OF CLEVELAND *v.* COLEMAN.

2017-Ohio-2839.]

(No. 17–AP–008—Decided February 16, 2017.)

O'CONNOR, J.

{¶ 1} Defendant, Kathy Coleman, has filed an affidavit with the clerk of this court under R.C. 2701.03 and 2701.031 seeking to disqualify Judge Charles L. Patton from presiding over any further proceedings in the above-captioned case.

{¶ 2} Ms. Coleman, however, filed her affidavit on February 15, 2017—only two days before the next scheduled hearing in the case. Under R.C. 2701.03(B), an affidavit of disqualification must be filed "not less than seven calendar days before the day on which the next hearing in the proceeding is scheduled." This statutory deadline may be set aside "only when compliance with the provision is impossible," such as when the alleged bias or prejudice occurs fewer than seven days before the hearing date or the case is scheduled or assigned to a judge within seven days of the next hearing. *In re Disqualification of Leskovyansky,* 88 Ohio St.3d 1210, 723 N.E.2d 1099 (1999).

{¶ 3} Ms. Coleman avers that she attempted to file her affidavit on February 10—which would have made it timely—but was told by a court employee to send in another affidavit because her initial affidavit "did not say sworn to."[1] She claims that she thereafter filed the present affidavit, which indicates that she swore to the allegations before a notary.

{¶ 4} Ms. Coleman has not established that it was impossible for her to comply with the statutory seven-day filing requirement. Rather, the record indicates that she attempted to file a deficient affidavit on February 10 and therefore

---

1. R.C. 2701.03(A) requires that a party seeking to disqualify a judge file an "affidavit" with the clerk of this court. Under Ohio law, an affidavit is a " 'written declaration under oath.' " *In re Disqualification of Donnelly,* 134 Ohio St.3d 1221, 2011-Ohio-7080, 982 N.E.2d 713, ¶ 2, quoting R.C. 2319.02. "A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit." *In re Disqualification of Pokorny,* 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992).

submitted a second (and corrected) affidavit on February 15. Ms. Coleman's failure to initially comply with the requirements of R.C. 2701.03, however, does not excuse her from the statutory deadline. Accordingly, her affidavit of disqualification is dismissed as untimely.