IN RE DISQUALIFICATION OF PATTON.

THE CITY OF CLEVELAND *v.* COLEMAN.

2017-Ohio-7054.]

(No. 17–AP–016—Decided April 5, 2017.)

O'CONNOR, C.J.

{¶ 1} Defendant, Kathy Coleman, has filed an affidavit with the clerk of this court under R.C. 2701.031 seeking to disqualify Judge Charles L. Patton from presiding over any further proceedings in the above-captioned case. This is the second affidavit of disqualification that Ms. Coleman has filed against Judge Patton. Her previous affidavit was dismissed as untimely in an entry dated February 16, 2017. *See In re Disqualification of Patton,* 150 Ohio St.3d 1252, 2017-Ohio-2839, 80 N.E.3d 498.

{¶ 2} Ms. Coleman avers that for a variety of reasons, Judge Patton is biased and prejudiced against her and therefore must be disqualified. Judge Patton has responded in writing to the affidavit, requesting that it be denied.

{¶ 3} For the reasons explained below, no basis has been established to disqualify Judge Patton.

{¶ 4} First, most of Ms. Coleman's claims are speculative and/or unsubstantiated. For example, she alleges that (1) after she complained about Judge Patton to the court's administrative judge, Judge Patton sent a bailiff to her house to stalk her, (2) Judge Patton has harassed her to assist his friend, Cleveland Heights Municipal Court Judge A. Deane Buchanan, against whom Ms. Coleman has filed a separate affidavit of disqualification, and (3) Judge Patton has made fun of her at pretrial hearings. In response, Judge Patton states that (1) the clerk's office—not he—sent an individual to her home to personally serve her with a summons pursuant to the clerk's standard practice, (2) until he reviewed her affidavit, he was not aware that she had a case pending before Judge Buchanan and the allegation that he has conspired with Judge Buchanan to harass her is "nonsensical" and "patently absurd," and (3) he has treated her with respect in his courtroom. Pursuant to R.C. 2701.03(B)(1), an affidavit of disqualification must set forth *specific* allegations of bias or prejudice and the facts to support

each allegation. And to prove a bias claim, an affiant is often "required to submit evidence beyond the affidavit of disqualification supporting the allegations contained therein." *In re Disqualification of Baronzzi*, 135 Ohio St.3d 1212, 2012-Ohio-6341, 985 N.E.2d 494, ¶ 6. Further, "[a] judge is presumed to follow the law and not to be biased, and the appearance of bias or prejudice must be compelling to overcome these presumptions." *In re Disqualification of George*, 100 Ohio St.3d 1241, 2003-Ohio-5489, 798 N.E.2d 23, ¶ 5. On this record, Ms. Coleman's vague, speculative, and unsubstantiated allegations are insufficient to overcome the presumption that Judge Patton is fair and impartial—especially in the face of clear denials by Judge Patton. *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988) ("vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice").

{¶ 5} Second, Ms. Coleman claims that Judge Patton had an improper ex parte communication with her former appointed counsel and that since she terminated that attorney, the judge has refused to appoint new counsel. For his part, Judge Patton explains that at a pretrial, Ms. Coleman informed him that she could not afford an attorney and that she would not accept representation from the public defender's office. Judge Patton therefore requested an attorney in his courtroom to represent Ms. Coleman on a pro bono basis, and the judge later followed up with that attorney by telephone to confirm that he would undertake the representation. Judge Patton denies discussing the substantive merits of Ms. Coleman's case with the attorney during the phone call.

{¶ 6} "An alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.'" (Ellipsis sic.) *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting *In re Disqualification of Calabrese*, 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. Here, Judge Patton avers that his telephone communication with Ms. Coleman's former counsel did not concern the merits of the case, and Ms. Coleman has failed to allege or prove otherwise. Based on this record, Judge Patton's limited communication with Ms. Coleman's former attorney does not demonstrate bias or prejudice. In addition, an affidavit of disqualification is not the appropriate forum to determine whether Ms. Coleman is entitled to appointed counsel in this case, and moreover, the record here is insufficient to conclude that Judge Patton has refused her such representation.

{¶ 7} Finally, Ms. Coleman alleges that after three other judges recused themselves from the underlying matter, Administrative Judge Ronald Adrine "handpicked" Judge Patton to preside over the matter. But again, Ms. Coleman has not submitted any evidence to corroborate this allegation, nor has she

sufficiently explained why this allegation shows that Judge Patton is biased and prejudiced against her.

{¶ 8} The affidavit of disqualification is therefore denied. The case may proceed before Judge Patton.