IN RE DISQUALIFICATION OF PATTON.

THE CITY OF CLEVELAND *v.* COLEMAN.

2017-Ohio-7410.]

(No. 17–AP–043—Decided May 16, 2017.)

O'CONNOR, C.J.

{¶ 1} Defendant, Kathy W. Coleman, has filed an affidavit with the clerk of this court under R.C. 2701.03 and 2701.031 seeking to disqualify Judge Charles L. Patton from presiding over any further proceedings in the above-captioned case. This is the third affidavit of disqualification that Ms. Coleman has filed against Judge Patton. Her first affidavit was dismissed as untimely on February 16, 2017, *see In re Disqualification of Patton*, 150 Ohio St.3d 1252, 2017-Ohio-2839, 80 N.E.3d 498, and her second affidavit was denied on the merits on April 5, 2017, *see In re Disqualification of Patton*, 150 Ohio St.3d 1296, 2017-Ohio-7054, 84 N.E.3d 1031.

{¶ 2} In her third affidavit of disqualification, Ms. Coleman repeats some of the allegations of bias that she raised in her second affidavit. For example, she avers that Judge Patton should be removed because he refused to appoint counsel to represent her. But as previously explained when her second affidavit was denied, an affidavit of disqualification is not the appropriate forum to determine whether a litigant is entitled to appointed counsel in a case.

{¶ 3} Ms. Coleman also avers that Judge Patton recently harassed her by improperly issuing docket entries while her previous affidavits of disqualification were pending. Specifically, she claims that before the chief justice decided her second affidavit, Judge Patton continued a previously scheduled pretrial hearing and then rescheduled it for a later date. Ms. Coleman believes that Judge Patton's entries were improper, prove his bias against her, and are grounds for the judge's removal.

{¶ 4} Under R.C. 2701.03(D)(1), if the clerk of this court accepts an affidavit of disqualification for filing, "the affidavit deprives the judge against whom the affidavit was filed of any authority to preside in the proceeding until the chief justice of the supreme court * * * rules on the affidavit." *See also State v. Myers*, 97 Ohio St.3d 335, 2002-Ohio-6658, 780 N.E.2d 186, ¶ 57 (the filing of an affidavit

"automatically divests the judge of jurisdiction to proceed until the matter is resolved"). However, there are statutory exceptions to this prohibition against proceeding after the filing of an affidavit of disqualification. *See* R.C. 2701.03(D)(2) and (3). For example, R.C. 2701.03(D)(3) authorizes a judge against whom an affidavit is filed to decide matters that do not "affect a substantive right of any of the parties." Courts have interpreted this exception as allowing a judge to undertake ministerial acts during the pendency of the affidavit. *See, e.g., State ex rel. Stern v. Mascio*, 81 Ohio St.3d 297, 299, 691 N.E.2d 253 (1998); *State ex rel. Kreps v. Christiansen*, 88 Ohio St.3d 313, 317, 725 N.E.2d 663 (2000) (interpreting analogous provision in R.C. 2701.031); *Columbus Checkcashers, Inc. v. Guttermaster, Inc.*, 10th Dist. Franklin Nos. 13AP–106 and 13AP-107, 2013-Ohio-5543, 2013 WL 6708396, ¶ 18, 28.

{¶ 5} Here, Judge Patton's entries continuing and rescheduling a pretrial hearing due to Ms. Coleman's filing of an affidavit of disqualification fall within the exception in R.C. 2701.03(D)(3). Moreover, although a judge's ruling during the pendency of an affidavit could be evidence of bias, *see, e.g., In re Disqualification of Celebrezze*, 74 Ohio St.3d 1242, 657 N.E.2d 1348 (1992), Ms. Coleman has not established how Judge Patton's scheduling entries in this case establish that he is biased and prejudiced against her, *see In re Disqualification of Knece*, 138 Ohio St.3d 1274, 2014-Ohio-1414, 7 N.E.3d 1213, ¶ 9–11.

{¶ 6} Finally, as noted above, this is Ms. Coleman's third affidavit of disqualification against Judge Patton in this case. Ms. Coleman is warned that the filing of any further frivolous, repetitive, or unsubstantiated affidavits may result in sanctions. *See In re Disqualification of Browne*, 136 Ohio St.3d 1279, 2013-Ohio-4468, 996 N.E.2d 944, ¶ 8 ("the filing of frivolous, unsubstantiated, or repeated affidavits of disqualification is contrary to the purpose of R.C. 2701.03 and a waste of judicial resources").

{¶ 7} Accordingly, the affidavit of disqualification is denied. The case may proceed before Judge Patton.