O'Connor, C.J.
*1270 {¶ 1} Defendant, James Deaton, has purportedly filed an affidavit with the clerk of this court pursuant to R.C. 2701.03. Mr. Deaton seeks to disqualify Judge Gregory F. Singer from presiding over any further proceedings in the above-referenced criminal case, now pending on Mr. Deaton's petition for postconviction relief.
{¶ 2} R.C. 2701.03(A) authorizes a "party" or a "party's counsel" in a pending cause to file an "affidavit of disqualification." Under Ohio law, an affidavit " 'is a written declaration under oath.' " In re Disqualification of Donnelly , 134 Ohio St.3d 1221, 2011-Ohio-7080, 982 N.E.2d 713, ¶ 2, quoting R.C. 2319.02. To comply with R.C. 2701.03, "an affidavit must be confirmed by oath or affirmation of the party making it and be made before a person having authority to administer the oath or affirmation." Donnelly at ¶ 2.
{¶ 3} Here, Mr. Deaton's purported affidavit was signed in his name by another individual who claims to be Mr. Deaton's attorney-in-fact. Although Mr. Deaton attached a power-of-attorney agreement to his purported affidavit, he failed to explain how the agreement authorized the individual-who does not appear to be Mr. Deaton's counsel in the underlying case-to sign Mr. Deaton's name to the document, which is purportedly based on Mr. Deaton's personal knowledge. Nor did Mr. Deaton explain how the individual had the authority to file the document on Mr. Deaton's behalf. Further, although Mr. Deaton's purported affidavit includes the jurat of a notary, it does not appear that Mr. Deaton swore to or affirmed the written statements in the document. "A document *386 purporting to be an affidavit that is not sworn to or affirmed before a competent officer is not an affidavit within the meaning of R.C. 2701.03 and cannot be considered pursuant to that statute." In re Disqualification of Sheward , 134 Ohio St.3d 1210, 2011-Ohio-7078, 981 N.E.2d 874, ¶ 3. Accordingly, Mr. *1271 Deaton's purported affidavit of disqualification does not comply with the requirements of R.C. 2701.03.
{¶ 4} In any event, even if Mr. Deaton had complied with the applicable statutory requirements, he has failed to set forth sufficient grounds for Judge Singer's disqualification.
{¶ 5} Mr. Deaton first claims that Judge Singer is biased against him based on Mr. Deaton's prior business relationship with the judge in the mid-1990s-prior to Judge Singer's taking the bench. An affidavit of disqualification, however, must be filed "as soon as possible after the incident giving rise to the claim of bias and prejudice occurred," and the failure to do so may result in waiver of the objection, especially when "the facts underlying the objection have been known to the party for some time." In re Disqualification of O'Grady , 77 Ohio St.3d 1240, 1241, 674 N.E.2d 353 (1996). If Mr. Deaton believed that his former business relationship with Judge Singer created a conflict of interest, Mr. Deaton should have filed an affidavit of disqualification when the case was initially assigned to Judge Singer. Yet Mr. Deaton waited until the postconviction stage to raise this objection. Because nothing in the record justifies the delay in filing the document, Mr. Deaton has waived the right to remove Judge Singer on this allegation.
{¶ 6} Further, even if Mr. Deaton had timely sought disqualification, a prior professional relationship between a judge and a party will not lead to disqualification when the relationship ended many years before the judge took office. See In re Disqualification of Vercillo , 137 Ohio St.3d 1237, 2013-Ohio-5763, 1 N.E.3d 414, ¶ 8. Moreover, Judge Singer responded in writing to Mr. Deaton's purported affidavit. The judge acknowledged that in the 1990s, he conducted business with a company that employed Mr. Deaton, but the judge further states that at the time of Mr. Deaton's trial, he was not aware that Mr. Deaton was associated with that company. Based on this record, the judge's prior business relationship with Mr. Deaton does not require the judge's removal.
{¶ 7} Mr. Deaton next alleges that Judge Singer should be disqualified because the judge made biased comments at Mr. Deaton's sentencing. "Because a sentencing judge must ordinarily explain the reasons for imposing a sentence, judicial comments during sentencing, even if disapproving, critical, or heavy-handed, do not typically give rise to a cognizable basis for disqualification." In re Disqualification of Winkler , 135 Ohio St.3d 1271, 2013-Ohio-890, 986 N.E.2d 996, ¶ 9. Mr. Deaton has not established that Judge Singer's sentencing comments demonstrate a sense of hostility or animosity toward Mr. Deaton that would require the judge's disqualification from postconviction proceedings. See id. at ¶ 11. Accordingly, Mr. Deaton's allegations of bias based on the judge's comments at sentencing are not well taken.
*1272 {¶ 8} The purported affidavit of disqualification is denied. The case may proceed before Judge Singer.