O'Connor, C.J.
*1206 {¶ 1} Cedric Douglas has purportedly filed an affidavit with the clerk of this court pursuant to R.C. 2701.03. Mr. Douglas seeks to disqualify Judge Anthony Capizzi from presiding over any further proceedings in the above-referenced child-custody case.
{¶ 2} R.C. 2701.03(A) authorizes a party or a party's counsel in a pending cause to file an affidavit of disqualification. Under Ohio law, an affidavit " 'is a written declaration under oath.' " In re Disqualification of Donnelly , 134 Ohio St.3d 1221, 2011-Ohio-7080, 982 N.E.2d 713, ¶ 2, quoting R.C. 2319.02. To comply with R.C. 2701.03, "an affidavit must be confirmed by oath or affirmation of the party making it and be made before a person having authority to administer the oath or affirmation." Donnelly at ¶ 2. Although Mr. Douglas's purported affidavit includes *1207 the jurat of a notary, it does not appear that Mr. Douglas swore to or affirmed the written statements in the document. "A document purporting to be an affidavit that is not sworn to or affirmed before a competent officer is not an affidavit within the meaning of R.C. 2701.03 and cannot be considered pursuant to that statute." In re Disqualification of Sheward , 134 Ohio St.3d 1210, 2011-Ohio-7078, 981 N.E.2d 874, ¶ 3. Accordingly, Mr. Douglas's purported affidavit of disqualification does not comply with the requirements of R.C. 2701.03.
{¶ 3} In any event, even if Mr. Douglas had filed an appropriate affidavit, he has failed to set forth sufficient grounds for disqualification.
{¶ 4} Mr. Douglas argues that Judge Capizzi should be removed because he refused to disqualify the magistrate handling the underlying case. "The removal of a magistrate is within the discretion of the judge who referred the matter to the magistrate and should be sought by a motion filed with the trial court." In re Disqualification of Wilson , 77 Ohio St.3d 1250, 1251, 674 N.E.2d 360 (1996) ; accord Juv.R. 40(D)(6) ("Disqualification of a magistrate for bias or other cause is within the discretion of the court and may be sought by motion filed with the court"). If Mr. Douglas believes that Judge Capizzi abused his discretion in failing to remove the magistrate, Mr. Douglas may raise the issue on appeal. However, an adverse ruling, without more, is not evidence that a judge is biased or prejudiced. In re Disqualification of D'Apolito , 139 Ohio St.3d 1230, 2014-Ohio-2153, 11 N.E.3d 279, ¶ 5. And reviewing alleged legal errors is not the role of the chief justice in deciding an affidavit of disqualification. Id.
*3 {¶ 5} The affidavit of disqualification is denied. The case may proceed before Judge Capizzi.