O'Connor, C.J.
*1315 {¶ 1} Latasha Jones has purported to file an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge Sylvia Sieve Hendon, a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced case.
{¶ 2} As previously explained,
R.C. 2701.03(A) requires that a party seeking to disqualify a judge file an "affidavit" with the clerk of this court. Under Ohio law, an affidavit is a " 'written declaration under oath.' " In re Disqualification of Donnelly, 134 Ohio St.3d 1221, 2011-Ohio-7080, 982 N.E.2d 713, ¶ 2, quoting R.C. 2319.02. "A paper purporting to be an affidavit, but not to have been sworn to before an officer, is not an affidavit." In re Disqualification of Pokorny, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992).
*1316 In re Disqualification of Patton , 150 Ohio St.3d 1252, 2017-Ohio-2839, 80 N.E.3d 498, ¶ 3, fn. 1.
{¶ 3} Here, Ms. Jones submitted a document purporting to be an affidavit and setting forth allegations of bias and prejudice against Judge Hendon. Although the certificate of service included a notary signature, the document does not indicate that any of Ms. Jones's allegations were made under oath. It appears that Ms. Jones merely signed the document before a notary, rather than swearing to the allegations contained therein. Because Ms. Jones failed to confirm her statements by oath or affirmation, the document "cannot be considered an affidavit filed pursuant to R.C. 2701.03." Pokorny at 1238, 657 N.E.2d 1345.
{¶ 4} The purported affidavit of disqualification is therefore dismissed.