IN RE DISQUALIFICATION OF STUCKI.

O'MALLEY *v.* O'MALLEY.

[Cite as *In re Disqualification of Stucki,* ___ Ohio St.3d ___, 2019-Ohio-1624.]

*Judges—Affidavits of disqualification—R.C. 2701.03—Document attached to affidavit but not sworn to before an authorized officer may not be considered in deciding disqualification request—Remaining vague allegations of affiant insufficient to require removal of trial-court judge—Disqualification denied.*

(No. 19-AP-001—Decided January 30, 2019.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. DR-04-229141.

————————

**O'CONNOR, C.J.**

{¶ 1} Defendant, Patrick Joseph O'Malley, has filed an affidavit with the clerk of this court pursuant to R.C. 2701.03 seeking to disqualify Judge David Stucki, a retired judge sitting by assignment, from presiding over any further proceedings in the above-referenced case.

{¶ 2} Mr. O'Malley alleges that Judge Stucki engaged in improper ex parte discussions, violated the court's time guidelines for child-custody cases, failed to hold hearings on pending motions, and has been more focused on collecting money owed to the guardian ad litem rather than locating the parties' children, who evidently disappeared from a Nebraska children's facility.

{¶ 3} Judge Stucki has responded in writing to the affidavit and denies any bias against Mr. O'Malley. The judge also denies engaging in any ex parte communications and explains his relationships with the guardian ad litem and the facility in which he placed the parties' children.

**{¶ 4}** For the reasons explained below, no basis has been established to order the disqualification of Judge Stucki.

**{¶ 5}** First, many of Mr. O'Malley's allegations cannot be considered. With his sworn affidavit, Mr. O'Malley submitted an unsworn document entitled "Request For Disqualification." The unsworn document included many factual allegations that went beyond those in his affidavit. R.C. 2701.03(B)(1) and (2), however, authorize a party to file an affidavit of disqualification, which must include "specific allegations" of bias sworn to before a "jurat of a notary public or another person authorized to administer oaths or affirmations." Under Ohio law, an affidavit " 'is a written declaration under oath.' " *In re Disqualification of Donnelly,* 134 Ohio St.3d 1221, 2011-Ohio-7080, 982 N.E.2d 713, ¶ 2, quoting R.C. 2319.02. In deciding a disqualification request, the chief justice cannot consider unsworn allegations by a litigant. *See In re Disqualification of Fuerst*, 134 Ohio St.3d 1267, 2012-Ohio-6344, 984 N.E.2d 1079, ¶ 19, quoting *In re Disqualification of Pokorny*, 74 Ohio St.3d 1238, 657 N.E.2d 1345 (1992) (explaining that a party's failure to confirm allegations " 'by oath or affirmation' " violated R.C. 2701.03, leading to an unsworn letter having " 'no effect on the proceedings' "). Accordingly, Mr. O'Malley's unsworn allegations in his memorandum cannot be considered in deciding his disqualification request.

**{¶ 6}** Second, the vague allegations in Mr. O'Malley's affidavit are insufficient to require Judge Stucki's removal. For example, Mr. O'Malley states that he is "aware of many ex-parte discussions which had involved [J]udge David Stucki with others." It is well established, however, that "[a]n alleged ex parte communication constitutes grounds for disqualification when there is 'proof that the communication * * * addressed substantive matters in the pending case.' " (Ellipsis sic.) *In re Disqualification of Forsthoefel*, 135 Ohio St.3d 1316, 2013-Ohio-2292, 989 N.E.2d 62, ¶ 7, quoting *In re Disqualification of Calabrese,* 100 Ohio St.3d 1224, 2002-Ohio-7475, 798 N.E.2d 10, ¶ 2. "The allegations must be

substantiated and consist of something more than hearsay or speculation." *Id.* Here, Mr. O'Malley has not alleged—let alone established—that Judge Stucki engaged in ex parte communications about substantive matters in the case. "This and the other vague, unsubstantiated allegations of the affidavit are insufficient on their face for a finding of bias or prejudice." *In re Disqualification of Walker*, 36 Ohio St.3d 606, 522 N.E.2d 460 (1988).

**{¶ 7}** Similarly, "[a]n affidavit of disqualification * * * is not a vehicle to contest matters of substantive or procedural law." *In re Disqualification of Solovan,* 100 Ohio St.3d 1214, 2003-Ohio-5484, 798 N.E.2d 3, ¶ 4. Mr. O'Malley may have other remedies if he believes that Judge Stucki has failed to hold required hearings or if the guardian ad litem charged excessive fees. Those issues, however, cannot be litigated in a disqualification matter. And Mr. O'Malley's mere disagreement with the judge's legal decisions does not prove bias or prejudice. *Id.*

**{¶ 8}** The affidavit of disqualification is denied. The case may proceed before Judge Stucki.

————————————