NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-5191

CLEVELAND METROPOLITAN BAR ASSOCIATION *v*. MARIOTTI.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Cleveland Metro. Bar Assn. v. Mariotti,* Slip Opinion No. 2019-Ohio-5191.]**

*Attorneys—Misconduct—Violations of the Rules of Professional Conduct— Conditionally stayed one-year suspension.*

(No. 2018-1579—Submitted September 11, 2019—Decided December 18, 2019.)

ON CERTIFIED REPORT by the Board of Professional Conduct of the Supreme Court, No. 2018-043.

_____

**Per Curiam.**

{¶ 1} Respondent, Mark Mariotti, of Cleveland, Ohio, Attorney Registration No. 0067608, was admitted to the practice of law in Ohio in 1997. Mariotti's license to practice law was suspended from December 5, 2003, through March 18, 2004, for his failure to comply with continuing-legal-education ("CLE") requirements for the 2001-2002 reporting period. *In re Continuing Legal Edn. Suspension of Mariotti*, 100 Ohio St.3d 1516, 2003-Ohio-6494, 800 N.E.2d 34; *In*

*re Reinstatement of Mariotti*, 101 Ohio St.3d 1479, 2004-Ohio-1240, 805 N.E.2d 102. It was suspended again from December 2, 2005, through January 10, 2006, for his failure to register for the 2005-2007 attorney-registration biennium. *In re Attorney Registration Suspension of Mariotti*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671; *In re Reinstatement of Mariotti*, 108 Ohio St.3d 1428, 2006-Ohio-378, 841 N.E.2d 790.

{¶ 2} In a formal complaint certified to the Board of Professional Conduct on August 31, 2018, relator, Cleveland Metropolitan Bar Association, charged Mariotti with multiple ethical violations arising from his representation of clients in two separate cases—including the neglect of one client's legal matter, failure to limit the scope of the other client's representation, failure to reasonably communicate with either client, and failure to deposit an unearned fee into his client trust account—and his failure to cooperate in the ensuing disciplinary investigation.

{¶ 3} Mariotti failed to timely answer relator's complaint. His default was certified to this court, and on December 3, 2018, we imposed an interim default suspension in accordance with Gov.Bar R. V(14)(B)(1). *Cleveland Metro. Bar Assn. v. Mariotti*, 154 Ohio St.3d 1439, 2018-Ohio-4770, 112 N.E.3d 924. Three days later, Mariotti filed a motion for leave to answer and for termination of the interim default suspension. We granted Mariotti's motion and remanded the matter to the board for further proceedings. *Cleveland Metro. Bar Assn. v. Mariotti*, 154 Ohio St.3d 1473, 2019-Ohio-118, 114 N.E.3d 1201. We reinstated Mariotti to the practice of law on February 19, 2019—after he filed an answer to relator's complaint. *See* 156 Ohio St.3d 1238, 2019-Ohio-579, 125 N.E.3d 965.

{¶ 4} On remand, the parties entered into stipulations of fact and misconduct. A panel of the board conducted a hearing and issued a report finding that Mariotti committed all but two of the alleged rule violations and recommending that he be suspended from the practice of law for one year, fully stayed on

conditions. The board adopted the panel's report and recommendation, and no objections have been filed.

{¶ 5} We adopt the board's findings of misconduct and agree that a one-year suspension, fully stayed on the recommended conditions, is the appropriate sanction in this case.

## Misconduct

### Count I: The Borisenko Case

{¶ 6} In early December 2016, Mariotti verbally agreed to assist Sergey Borisenko in a commercial-eviction action filed against Borisenko in the Parma Municipal Court. But there was no clear agreement between Mariotti and Borisenko regarding the scope of the representation or Mariotti's compensation, and Mariotti did not inform Borisenko that he did not carry professional-liability insurance.

{¶ 7} On December 30, the plaintiff in the eviction action filed a motion for default judgment against Borisenko, which was scheduled to be heard on January 31, 2017. Borisenko sent portions of the motion to Mariotti by text, but Mariotti did not enter an appearance in the case, file an answer or other responsive pleading, or appear at the hearing. In response to Borisenko's repeated text messages asking whether they had missed a court date, Mariotti responded, "No. You didn't need to be there. Everything is fine."

{¶ 8} On February 1, Mariotti filed an answer on Borisenko's behalf. That day, the trial court journalized an entry stating that it had entered a $14,000 default judgment against Borisenko on January 31 and that that judgment was not affected by the late-filed answer. When Borisenko confronted Mariotti by text message about the default judgment, Mariotti responded: "There's more than what the docket states. The case is still going on and I have been negotiating with [the plaintiff's] attorney to settle the money and car issues."

**{¶ 9}** Mariotti was ultimately unable to resolve those issues through negotiation, so he filed a motion for relief from judgment. The court denied the motion, and Mariotti failed to inform Borisenko of his right to appeal.

**{¶ 10}** At his disciplinary hearing, Mariotti acknowledged that he had agreed to help Borisenko and expressed genuine remorse for his neglect. He also testified that he had informed Borisenko that he did not have a strong case and that he was going to have to pay the plaintiff some amount to settle it. Because relator presented no evidence that Borisenko had any viable counterclaim or defense to the eviction complaint, the board could not determine whether the outcome would have been different in the absence of Mariotti's neglect.

**{¶ 11}** The parties stipulated and the board found that Mariotti's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client), 1.4(b) (requiring a lawyer to explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation), and 1.4(c) (requiring a lawyer to inform the client if the lawyer does not maintain professional-liability insurance).

**{¶ 12}** At the hearing, relator sought to withdraw—and requested that the panel dismiss—three additional alleged violations based on the insufficiency of the evidence. The panel unanimously granted that request with respect to one alleged violation, but the panel and board found that relator had presented clear and convincing evidence that when Mariotti sent Borisenko the text message falsely stating that "[e]verything is fine," Mariotti violated Prof.Cond.R. 1.4(a)(3) (requiring a lawyer to keep a client reasonably informed about the status of a matter) and 8.4(c) (prohibiting a lawyer from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).

**{¶ 13}** We accept these findings of misconduct.

4

*Count II: The Lyons Case*

{¶ 14} In May 2017, Danielle Lyons retained Mariotti to represent her in a criminal matter that was pending against her in Cuyahoga County. Her family paid Mariotti an initial retainer of $800, but he did not deposit the money into his client trust account. He did not reduce the fee agreement to writing or inform Lyons that he did not carry professional-liability insurance.

{¶ 15} At a later time, Lyons informed Mariotti that she was a defendant in a related criminal case that was pending in Geauga County. Mariotti acknowledges (1) that Lyons believed he would represent her in the Geauga County case after resolving her Cuyahoga County case and (2) that her family attempted to wire him an additional $400 as payment for that representation—though he testified that he never retrieved that payment. Mariotti did not attend Lyons's Geauga County bond hearing or otherwise appear in that case, and Lyons obtained other representation.

{¶ 16} The parties stipulated and the board found that Mariotti's conduct alleged in this count violated Prof.Cond.R. 1.2(c) (permitting a lawyer to limit the scope of a new or existing representation if the limitation is reasonable under the circumstances and communicated to the client, preferably in writing), 1.4(c), and 1.15(c) (requiring a lawyer to deposit advance legal fees and expenses into a client trust account, to be withdrawn by the lawyer only as fees are earned or expenses incurred).[1]

{¶ 17} We accept these findings of misconduct.

*Count III: Failure to Cooperate*

{¶ 18} Mariotti admits that he failed to respond to relator's requests for written responses to the grievances filed against him by Borisenko and Lyons and that he provided documents and other responses to relator only after being compelled by subpoena to do so. Consequently, the parties stipulated and the board

---

1. The panel unanimously dismissed one additional alleged violation based on the insufficiency of the evidence.

found that he violated Prof.Cond.R. 8.1(b) and Gov.Bar R. V(9)(G) (both requiring a lawyer to cooperate with a disciplinary investigation).

{¶ 19} We accept these findings of misconduct.

## Sanction

{¶ 20} When imposing sanctions for attorney misconduct, we consider all relevant factors, including the ethical duties that the lawyer violated, the aggravating and mitigating factors listed in Gov.Bar R. V(13), and the sanctions imposed in similar cases.

{¶ 21} The parties stipulated that four aggravating factors are present. Specifically, Mariotti has prior CLE and registration suspensions, engaged in a pattern of misconduct, committed multiple offenses, and had an interim default suspension imposed for his initial failure to cooperate in this proceeding. *See* Gov.Bar R. V(13)(B)(1), (3), (4), and (5). The board agreed, and based on Mariotti's false statement to Borisenko that everything was fine in his case, the board found that he had also acted with a dishonest or selfish motive. *See* Gov.Bar R. V(13)(B)(2). But the board also found that Mariotti's full and free disclosure to the panel, cooperative attitude during the hearing, and genuine remorse were mitigating factors. *See* Gov.Bar R. V(13)(C)(4).

{¶ 22} The parties suggested that the appropriate sanction for Mariotti's stipulated misconduct is a one-year suspension, fully stayed on conditions, including that he complete six hours of CLE in law-office management and serve a one-year period of monitored probation.

{¶ 23} But in addition to adopting the parties' stipulations of misconduct, the board found that Mariotti had failed to keep Borisenko informed, and had actually lied to him, about the status of his legal matter in violation of Prof.Cond.R. 1.4(a)(3) and 8.4(c). The board noted that *Disciplinary Counsel v. Fowerbaugh*, 74 Ohio St.3d 187, 658 N.E.2d 237 (1995), syllabus, stands for the proposition that an actual suspension from the practice of law is the presumptive sanction for

misconduct involving dishonesty, fraud, deceit, or misrepresentation. In that case, we suspended an attorney from the practice of law for six months based on findings that he had fabricated court documents and continued to lie to his client for several months in an attempt to conceal his inaction in the client's case.

{¶ 24} The board also considered several cases in which the presence of mitigating factors resulted in the imposition of fully stayed suspensions on attorneys who engaged in dishonest conduct. For example, in *Disciplinary Counsel v. Fumich*, 116 Ohio St.3d 257, 2007-Ohio-6040, 878 N.E.2d 6, we imposed a fully stayed one-year suspension on an attorney who falsely told a client that he had settled a case and paid the "settlement" out of his personal funds rather than inform the client that the case had been dismissed two years earlier. No aggravating factors were present in that case, but mitigating factors included a clean disciplinary history, payment of restitution, cooperation in the disciplinary process, and evidence of the attorney's excellent character and reputation.

{¶ 25} And in *Toledo Bar Assn. v. Crosser*, 147 Ohio St.3d 499, 2016-Ohio-8257, 67 N.E.3d 789, we imposed a fully stayed one-year suspension on an attorney for neglecting a client matter, failing to respond to the client's requests for information regarding the status of the matter, and attempting to conceal her neglect with a series of misrepresentations. The only aggravating factor was Crosser's prior attorney-registration suspension, and mitigating factors included her payment of restitution, cooperation in the disciplinary process, good character and reputation, and acceptance of responsibility for her actions.

{¶ 26} Noting that Mariotti had fully cooperated in the disciplinary proceedings on remand and expressed genuine remorse for his misconduct, the board recommends that he be suspended from the practice of law for one year, with the entire suspension stayed on the conditions that he complete six hours of CLE related to law-office management, commit no further misconduct, and serve a one-

year period of monitored probation focused on client communication and client-trust-account management.

{¶ 27} Having reviewed the record and considered Mariotti's misconduct, the relevant aggravating and mitigating factors, and our precedent, we find that Mariotti's isolated false assurances that everything was fine and that the case was "still going on" as he attempted to negotiate issues related to the default judgment do not rise to the level of the dishonest and fraudulent course of conduct present in *Fowerbaugh*. We do not condone Mariotti's failure to clearly delineate the scope of his representation, his neglect of a client matter, his failure to reasonably communicate with a client, his failure to deposit an unearned fee into his client trust account, or his false assurances to a client. But in accord with our holdings in *Fumich* and *Crosser*, we believe that a one-year suspension, stayed on the conditions recommended by the board, will adequately protect the public from future harm.

{¶ 28} Accordingly, Mark Mariotti is suspended from the practice of law for one year, fully stayed on the conditions that he (1) complete six hours of CLE in law-office management in addition to the requirements of Gov.Bar R. X, (2) complete a one-year period of monitored probation pursuant to Gov.Bar R. V(21), focused on client communication and the proper management of his client trust account, and (3) engage in no further misconduct. If Mariotti fails to comply with any condition of the stay, the stay will be lifted and he will serve the full one-year suspension. Costs are taxed to Mariotti.

Judgment accordingly.

FRENCH, FISCHER, DEWINE, and STEWART, JJ., concur.

O'CONNOR, C.J., and KENNEDY, J., would suspend respondent from the practice of law for one year, with six months stayed on conditions.

DONNELLY, J., not participating.

_____

Brenda M. Johnson and Jordan D. Lebovitz; and Heather M. Zirke, Bar Counsel, and Kari L. Burns, Assistant Bar Counsel, for relator.

Mark Mariotti, pro se.

———————————